# RE CHARLES HARRIS.

## January Term, 1896.

*Imprisonment, whether in the State prison or House of Correction. Erroneous Sentence. Habeas corpus. Remanded to sheriff.*

1.  One convicted of open and gross lewdness under V. S., s. 5066 should in accordance with V. S., s. 5170 be sentenced toim prisonment in the House of Correction and not in the state prison.

2.  If sentenced to the state prison, such sentence and the detention under it are void, and the prisoner should be released on *habeas corpus*.

3.  But he may be remanded to the sheriff of the county to be by him detained for proper sentence by the county court.

Habeas corpus.   Heard at the January term, 1896.

*Dunnett & Slack* for the relator.

The court had no jurisdiction to impose the sentence, and it and all proceedings under it were absolutely void. V. S., ss. 5066, 5170. *Ex parte Lange*, 18 Wall. 163 ; *In re Mills*, 135 U. S. 263 ; *People* v. *Liscomb*, 60 N. Y. 559 ; *I nre McLaughlin*, 58 Vt. 136.

*W. H. Taylor*, state's attorney, for the state.

Habeas corpus cannot be used to review irregularities in the sentence of a court of competent jurisdiction. *Ex parte*

*Shaw*, 7 Ohio 81; *Ex parte Van Hogan*, 25 Ohio 432; *Ex parte Hunter*, 16 Fla. 575; *Ex parte Gibson*, 31 Cal. 627; *Ex parte Bond*, 9 S. C. 80; *Ex parte Watkins*, 3 Peters 263; *People* v. *Cavanagh*, 2 *Parkers Cr. R.* 650; *In re Wm. Ross et al.*, 2 Pick. 165; *In re James Felley*, 12 Cush. 598; *Petition of Semler*, 41 Wis. 517; *Petition of Phinney*, 32 Me. 440; *Lark* v. *State*, 55 Ga. 435; I. Bishop's New Proc. s. 1410; Church, Habeas Corpus, s. 265; *Sennott's Case*, 146 Mass. 489; *In re Greenough*, 31 Vt. 285.

The relator should not be discharged because sentenced to the wrong prison. *People* v. *Cavanagh*, 2 Parker's Cr. R. 650; *Ex parte Bond*, 9 S. C. 80; *Ex parte Wilson* 114 U. S. 418.

If the imprisonment of the relator is unlawful he should be remanded to the custody of the sheriff. 1 Bish. Crim. Pro. s. 946; *People* v. *Kelley*, 97 N. Y. 202.

TAFT, J. This is an original petition for a writ of habeas corpus. The petitioner is in custody of the superintendent of the state prison. The return of the petition shows that he was received by the superintendent, 30 December, 1895, from the sheriff of Caledonia county, pursuant to a mittimus issued upon a judgment of conviction of the offense of open and gross lewdness, in the county court of that county and a sentence of two years and nine months in the state prison at Windsor. The statute under which he was convicted, s. 5066, V. S., provides that one guilty of the offence therein specified "shall be imprisoned not more than five years, or fined not more then three hundred dollars," but does not designate the place of imprisonment. V. S., s. 5170, reads that "when an offense is declared by law to be punishable by imprisonment, and it is not specified that such imprisonment shall be in the state prison it shall be construed to mean imprisonment in the house of correction, if the offender is over sixteen years of age, if a man" etc. The petitioner claims his liberty upon the ground that the sen-

tence to imprisonment in the state prison was void. The sentence was erroneous, and an erroneous sentence, may be void, or, it may be voidable. If the sentence was void, the petitioner is entitled to be discharged from imprisonment thereunder, and whether void or not, depends upon the question of whether the court had jurisdiction to impose such a sentence. If it had, then however irregular or erroneous the sentence may have been, the petitioner's remedy was by exception, which, under our statutes, takes the place of a writ of error, and habeas corpus will not lie. The court had no power to sentence the petitioner to imprisonment in the state prison; it had no jurisdiction to impose such a sentence. There is, consequently, no escape from the conclusion that the sentence was in violation of the statute. In imposing the sentence, the court exceeded its powers, and its action, therefore, was void. *In re Mills*, 135 U. S. 263.

The counsel for the state insists that the petitioner is not entitled to a discharge because the process upon which he was committed was a justification to the officer serving it, citing Com. ex. rel. *Davis v. Lecky*, 1 Watts 66; this doctrine is not sustained by recent authorities, nor by principle : see note, to case cited, in 26 Am. Dec. 41. The petitioner is entitled to be discharged from imprisonment under the sentence, for s. 1603, V. S., relating to habeas corpus reads "If no legal cause is shown for the imprisonment or restraint, the court or judge shall discharge the prisoner therefrom."

The record before us shows that the petitioner was properly convicted. The error was in the sentence, and there does not seem to be any good reason why jurisdiction of the petitioner should not be reassumed by the court in which he was convicted, that he may be properly sentenced. To prevent the defeat of justice we may well remand the petitioner to the custody of the sheriff of Caledonia county, that he

may be taken before the county court and sentence properly imposed. *In re Bonner*, 151 U. S. 242. While the petitioner is unlawfully in the state prison, we cannot say that he is unlawfully restrained, and if he is not, the statute, s. 1605, V. S., requires that "he shall be remanded to the person from whose custody he was taken, or to such other person or officer as by law is authorized to detain him."

The sheriff of Caledonia county is by law authorized to detain him. The petitioner is released from imprisonment in the state prison and remanded to the custody of the sheriff of Caledonia county, who is authorized to detain him for sentence by the Caledonia county court.

*Petition dismissed.*