## STATE OF MISSOURI, Respondent, v. HITCHCOCK, Appellant.

### St. Louis Court of Appeals, March 19, 1907.

1. **LOCAL OPTION: Election: Petition.**  Where a number of petitions were presented to the county court of a county requesting such court to order an election under the local option law, and where all the petitions were presented at one time and the petitioners in the aggregate amounted to more than one-tenth of the qualified voters of the county, this was sufficient to authorize the county court to order an election; it was not necessary that all the petitioners should sign one paper.

2. ———: ———: **Order of Election.**  Where the county court ordered an election to be held under the local option law, it is presumed that the court found the right number of qualified voters petitioned for the same and made such finding in the right manner, in the absence of of an affirmative showing to the contrary.

3. ———: ———: ———: **"Successive" and "Consecutive."**  Where the order of a county for a local option election ordered a notice to be published for four "successive" weeks, this was

State v. Hitchcock.

a sufficient compliance with the law requiring the notice to be published for four "consecutive" weeks. The two words mean the same thing.

4. ———: ———: **Certificate of Election.** Where, after a local option election the county clerk and two of the associate judges of the county court opened and cast up the ballots, reported the result to the court, which report the court ordered spread upon the record and published for four consecutive weeks, this was sufficient compliance with the law requiring proof of the election.

5. ———: ———: **Information.** An information charging a defendant with a violation of the local option law which states the facts showing the election by which the law was adopted, is a sufficient allegation that the law was in force after such election and at the time of the alleged violation.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*F. M. Mansfield* and *James Orchard* for appellant.

(1) The court failed to ascertain the sufficiency of the petition as is provided by statute. Strouse v. Drennan, 41 Mo. 289; Schell v. Leland, 45 Mo. 289; Gibson v. Vaughan, 61 Mo. 418; Barhydt v. Alexander, 59 Mo. App. 188; Ex Parte O'Bryan, 127 Mo. 477. (2) The order of the county court is defective, for the reason that it orders that notice be given for four successive weeks. The statute says that notice shall be published for four consecutive weeks. This is fatal to the election. State v. Kaufman, 45 Mo. App. 656; State v. Webb, 49 Mo. App. 407; State v. Kampman, 75 Mo. App. 188.

*C. H. Edwards, J. W. Jackson* and *Perry T. Allen* for respondent.

(1) In re the first contention of appellant set forth in his brief, his abstract of the record admits "that the twenty-two papers referred to were all attached together and contained the same matter so far as the body

of the petition is concerned. That they were all attached together and were all presented at one and the same time to the county court of Wright county, Missouri, on the 10th day of August, 1905." This was sufficient. State ex rel. v. Weeks, 38 Mo. App. 566; State v. Smith, 38 Mo. App. 618. (2) The fourth contention of appellant is that no certificate of election was filed by the clerk. The records of the county court show that the votes cast were examined and cast up and the result ascertained by the clerk and two judges of the court, as provided by law, and the results of the election found were by the court ordered published as the law prescribes. No certificate was necessary. State v. Searcy, 46 Mo. App. 421, 111 Mo. 236.

GOODE, J.—Appellant was convicted of a sale of whiskey in Wright county, October 20, 1905, and after the electors of the county had voted against the sale of intoxicating liquors therein; an election under the local option law having been held September 16, 1905. Appellant admits selling the whiskey, but contends the election was invalid for several reasons, and therefore the law against the sale of intoxicants was not in force at the time of the sale. The validity of the election is challenged because more than one petition was presented to the county court by the qualified voters of the county, asking the court to call a special election to determine whether or not spirituous and intoxicating liquors should be sold in the county. One of the papers was put in evidence. It stated in substance that the signers were citizens of Wright county, Missouri, and made application, by a petition signed by one-tenth of the qualified voters of the county qualified to vote for members of the Legislature, asking the court to call a special election to determine whether or not spirituous liquors, including wine and beer, should be sold within the limits of the county, and stating that there was no

city therein containing 2,500 inhabitants or more. This part of the petition had fifty signatures attached, and there were twenty-one other papers with the same heading, the total signatures of all the petitions being eight hundred and fifty-one. It is not denied that in point of fact the signers constituted more than one-tenth of the voters of the county entitled to vote for members of the Legislature. It is further admitted that these different papers were all attached together and contained the same matter, as far as the body of the petition was concerned, and that they were presented to the county court at the same time. This being true, they constituted but one petition and satisfied the requirements of the local option law as has been expressly decided. [State ex rel. v. Weeks, 38 Mo. App. 566; State v. Smith, Id. 618.] But it is said the court failed to ascertain the sufficiency of the petition in the statutory manner; that is, from the poll books of the last general election. In the order for the election the county court expressly found, after a full examination of the petition, that the petitioners were more than one-tenth of the voters of the county qualified to vote for members of the Legislature, and further found that there was no incorporated town in the county containing 2,500 inhabitants. The order is attacked as incomplete because it does not say the court found in the right mode that the qualified number of petitioners had signed; that is, by comparing the petition with the poll books of the previous general election. If the county court had made no finding on the question, the fact that it ordered the election to be held, would be conclusive that it found a proper petition had been presented, in the absence of an affirmative showing by the record to the contrary. This was decided in State v. Searcy, 39 Mo. App. 393, as is conceded by counsel for appellant, who argue that the question ought to be re-examined as it has not been passed on by the Supreme Court. Counsel are in error; for the Supreme Court ap-

proved the decison of this court in the Searcy case. See State v. Searcy, 111 Mo. 236. See also State v. Dugan, 110 Mo. 138, 19 S. W. 195.

The county court of Wright county ordered the notice of the election to be published for four "successive" weeks, instead of four "consecutive" weeks; thus failing to use the word used in the statute. The point is made that the election is void on this account; but we rule to the contrary, because "successive" and "consecutive" mean the same thing. Moreover, the publishers of the notice showed it was actually published for "six consecutive weeks." The order of the county court for the election was good. It contained a finding of the essential jurisdictional facts and ordered an election to be held in each of the voting precincts of the county, to determine the question of whether the sale of intoxicating liquors, including wine and beer, should be permitted within the limits of the county; said election to be held within forty days of the reception of the petition and after due notice had been given. The order further provided that notice of the election should be published for four successive weeks in the Wright County Progress, a newspaper of general circulation published in said county, and that the election should be held on the sixteenth day of September, 1905. A notice was published accordingly, and it and the order complied with section 3029 of the Revised Statutes of 1899, with regard to giving notice under the local option law.

It is further said there was no certificate filed by the clerk showing the result of the election. The record of the county court shows that after the election, the county clerk and two of the associate judges of the county court selected by the clerk, opened and cast up the votes polled at the election and reported the result of their examination to the court. The report showed 448 votes were cast for the sale of liquors and 1,728 votes against the sale, making a majority of 1280 votes

State v. Hitchcock.

against the sale. After reciting this report and ordering it spread on the record, the court ordered the result of the aforesaid election thus found, published for four consecutive weeks in the Wright County Progress. Notice of the result was accordingly published in said paper. In State v. Searcy, 39 Mo. App. 393, 111 Mo. 236, it was ruled that the adoption of the local option law is established prima facie when the State produces a certified copy of the result of the election as spread on the records of the county court in compliance with the law, and proves due publication of the result. Proof of the election was made in this case precisely as in that one and in the other case of State v. Searcy, 46 Mo. App. 421.

It is further urged that the county court did not itself prepare the notice for publication, showing the result of the election. The county court ordered such notice to be published. This was done in due form and the statutes do not require the court itself to draft the notice or recite it *in haec verba* in the order for its publication.

The next contention is that the information fails to charge the local option law was in force in Wright county when appellant sold the liquor. Whether or not the law was in force was a legal conclusion to be drawn from the' facts alleged. The information charges every fact necessary for a valid election under the local option law and to put said law in force.

The points raised on this appeal have been settled, by previous adjudications, against the contentions of the appellants and therefore, the judgment will be affirmed. All concur.