BRYANT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   March 16, 1914.)

No. 3931.

1. HABEAS CORPUS (§ 109*)—DISPOSITION OF PETITIONER—AUTHORITY OF FEDERAL COURTS.

Under Rev. St. § 761 (U. S. Comp. St. 1901, p. 594), which requires a federal court in a proceeding for a writ of habeas corpus "to dispose of the party as law and justice require," on application by a prisoner for discharge on the ground that his sentence was illegal, it is proper for the court on so finding to direct his return to the court by which he was tried for a correction of the sentence.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 97, 98; Dec. Dig. § 109.*]

2. CRIMINAL LAW (§ 193¼, New, vol. 19 Key-No. Series)—ILLEGALITY OF SENTENCE—POWER OF COURT TO CORRECT.

The resentencing of a prisoner duly convicted of a crime, who has obtained his discharge on habeas corpus on the ground that his first sentence was illegal, is not subject to the objection that the defendant is put twice in jeopardy for the same offense.

3. CRIMINAL LAW (§ 1002*)—ILLEGALITY OF SENTENCE—JURISDICTION OF COURT TO CORRECT AT SUBSEQUENT TERM.

Where a defendant, duly convicted of a crime, obtains his discharge from imprisonment on habeas corpus, on the ground that his sentence was illegal, the court has jurisdiction to impose a corrected sentence, although the term at which he was convicted and sentenced has passed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2559½; Dec. Dig. § 1002.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Western District of Oklahoma.

Criminal prosecution by the United States against Joe Bryant. From the action of the court in imposing a corrected sentence on defendant, he brings error. Affirmed.

James Hepburn and Will H. Chappell, both of Guthrie, Okl., for plaintiff in error.

Isaac D. Taylor, Asst. U. S. Atty., of Guthrie, Okl. (Homer N. Boardman, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This case involves the validity of a correction of a sentence for perjury in violation of section 5392, R. S. (U. S. Comp. St. 1901, p. 3653), which provides for a fine of not more than $2,000 and imprisonment at hard labor not more than five years. Bryant was convicted in Oklahoma and sentenced to imprisonment in the "federal penitentiary at Ft. Leavenworth, Kansas, for a period of one year." No fine was imposed as the statute requires, and the imprisonment was not expressly specified to be at hard labor. On October 10, 1912, he was delivered to the warden of the penitentiary and entered upon the service of his term. Later he applied to the District Court of the United States for the District of Kansas, where the penitentiary is located, for release by habeas corpus on the ground that his sentence, not being according to the law, was void. The court ordered his discharge from the custody of the warden by delivery of him to the United States marshal, who should conduct him to the custody of the court in Oklahoma, there to abide the judgment and order of that court. When taken there his sentence was corrected to imprisonment in the United States penitentiary at Leavenworth, Kan., at hard labor, for the term of one year, and a fine of $1; the term of imprisonment to begin at the time he commenced serving the defective sentence. Though differently and correctly named, the penal institution is the same as that first designated. It is the corrected sentence which is attacked by this writ of error. Bryant is at large upon bond.

It is not clear Bryant was injured by the omissions from the first sentence, unless hard labor is a right of which he could not be deprived; nor does it appear that it was not in fact being required of him. But doubtless the court in Kansas, in deciding the application for the writ of habeas corpus, was influenced by Ex parte Karstendick, 93 U. S. 396, 399, 23 L. Ed. 889, where it was said:

"In cases where the statute makes hard labor a part of the punishment, it is imperative upon the court to include that in its sentence."

[1] The defects in the first sentence, if any, did not inhere in the trial or verdict, and therefore it appears Bryant is guilty and was properly convicted. He could have had the defects corrected by a direct proceeding for that purpose, which would have enabled the appellate court to regard also the rights of the government.

"When the orderly procedure of appeal is employed, the case is kept within the control and disposition of the courts; and if the judgment be excessive or illegal, it may be modified or changed, and complete justice done, as we have said, to the prisoner, and the penalties of the law satisfied as well." Ex parte Spencer, 228 U. S. 652, 663, 33 Sup. Ct. 709, 712, 57 L. Ed. 1010.

But, instead of adopting that course, Bryant sought by habeas corpus wholly to escape the remainder of his term of imprisonment. We think the District Court in Kansas properly prevented this by sending him back for a correction of the sentence. In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149; United States v. Carpenter, 81 C. C. A. 194, 151 Fed. 214. In habeas corpus a court is expressly authorized "to dispose of the party as law and justice require." Section 761, R. S. (U. S. Comp. St. 1901, p. 594). In Beale v. Commonwealth, 25 Pa. 11, it was said:

"The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established."

In the Bonner Case, supra, the Supreme Court quoted the above and added:

"It is true that this language was used in a case pending in the Supreme Court of a state on writ of error; but if then the court would send the case back to have the error, not touching the verdict, corrected, and justice enforced, there is the same reason why such correction should be made when the prisoner is discharged on habeas corpus for alleged defects of jurisdiction in the rendition of the judgment under which he is held. The end sought by him—to be relieved from the defects in the judgment rendered to his injury—is secured, and at the same time the community is not made to suffer by a failure in the enforcement of justice against him. The court is invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus."

[2] The objection of double jeopardy for the same offense is made. It is well settled that it is not double jeopardy to resentence a prisoner who had his first sentence vacated by writ of error (Murphy v. Massachusetts, 177 U. S. 155, 20 Sup. Ct. 639, 44 L. Ed. 711), nor to retry him on a new indictment after a prior indictment, conviction, and sentence have been set aside in a proceeding in error (Ball v. United States, 163 U. S. 662, 16 Sup. Ct. 1192, 41 L. Ed. 300). The principle of such cases is that a sentence that has been vacated by the action of a prisoner cannot then be put up by him as an obstacle to the further administration of justice; and we think it immaterial that his attack was collateral, as by habeas corpus, instead of direct, by appeal or writ of error. Here he was the actor, and the result left his conviction unimpaired.

[3] It is also urged that, since the term of the Oklahoma court at which Bryant was convicted had passed, jurisdiction to amend the sentence was lost. The failure to impose the punishment prescribed by the statute was doubtless due to the inadvertence of the court, and the subsequent correction was not, as in many cases, of mere omissions of the clerk. Still the making of the correction did not involve the opening up of the case, or the consideration or retrial of any ques-

tion of fact, and, it is important to remember, it was Bryant, not the government, who put in motion the machinery which led to the result. Had his attack on the sentence been direct, clearly jurisdiction would have been retained after the expiration of the trial term, and in sound reason the case should not be different where the attack is collateral. Otherwise it is plain that a gross miscarriage of justice could be accomplished by mere delay of habeas corpus until adjournment of the term at which sentence was imposed. If the first sentence be regarded as having been wholly vacated at the instance of Bryant, the case would then stand upon trial and conviction without sentence, in which view jurisdiction of the unfinished business would remain. In Re Harris, 68 Vt. 243, 35 Atl. 55, it was said:

"The record before us shows that the petitioner was properly convicted. The error was in the sentence, and there does not seem to be any good reason why jurisdiction of the petitioner should not be reassumed by the court in which he was convicted, that he may be properly sentenced. To prevent the defeat of justice we may well remand the petitioner to the custody of the sheriff of Caledonia county, that he may be taken before the county court and sentence properly imposed."

The above case was in habeas corpus. The report does not show whether the term of the trial court had passed or not, but the reasons why jurisdiction should be "reassumed" would apply equally in either case.

The corrected sentence is affirmed.