## IN RE HUGHES.

### (No. 4,099.)

(Submitted October 22, 1917.   Decided October 25, 1917.)

[167 Pac. 650.]

*Habeas Corpus—Proper Conviction—Indeterminate Sentence Act—Improper Sentence—Absolute Release not Imperative.*

1.   One found guilty of crime and sentenced to the state prison for a term not less than seventeen nor more than twenty years, whereas under the amended Indeterminate Sentence Act (Laws 1917, Chap. 16, p. 16) the minimum could not be greater—though it might be less—than one-half the maximum named in the judgment, is not for that reason entitled to his absolute discharge on writ of *habeas corpus*, but must be committed for resentence in conformity with the statute.

[As to right of prisoner who has received excessive sentence to be discharged on *habeas corpus* or appeal, see note in **Ann. Cas.** 1916D, 368.]

At Chambers.

In the Matter of Application of J. P. Hughes, convicted of rape, for a writ of *habeas corpus*.   Writ granted but complainant committed for resentence.

*Mr. J. D. Taylor* and *Mr. Clyde Slagle*, for Complainant.

*Mr. S. C. Ford*, Attorney General, and *Mr. Frank Woody*, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BRANTLY delivered the opinion.

*Habeas corpus.*   On March 2, 1917, in the district court of Ravalli county, complainant was convicted of the crime of statutory rape, the jury by their verdict leaving his punishment to be fixed by the court.   This the court did, pronouncing judg-[1] ment on March 5 that the complainant be imprisoned in the state prison for a term of not less than seventeen nor more than twenty years.   By this application he seeks his absolute release and discharge from the state prison, on the ground that the judgment is void in that it is not authorized by the Indeterminate Sentence Law (Laws 1917, Chap. 16, p. 16).   By this Act the legislature amended the Act of 1915 (Laws 1915,

Chap. 14, p. 21), by prescribing a definite limit within which the court or jury, as the case may be, may fix the minimum of the term of imprisonment which may be imposed by the judgment for the particular crime. It provides that the minimum may be less than one-half of the maximum, but in no case shall it be greater. In other respects the provisions of the later Act are the same as those of the original Act. The question presented by the instant application, therefore, is substantially the same as that presented in the *Collins Case,* decided by myself at chambers (*In re Collins,* 51 Mont. 215, 152 Pac. 40), and in the *Lewis Case* subsequently decided by the court (*In re Lewis,* 51 Mont. 539, 154 Pac. 713). That the trial court in pronouncing judgment overlooked the later Act is apparent from the fact that he fixed the minimum in excess of one-half of the maximum as expressly provided by it. The judgment in its present form, therefore, furnishes no authority for holding the complainant in confinement in the state prison. He is not entitled to go free, however. Under the authority of the *Lewis Case* he is entitled to be discharged from this confinement, but he must be committed to the custody of the sheriff of Ravalli county, to be by him brought before the court of that county for sentence in conformity with the statute. Accordingly, it is so ordered.