## Ex parte RICE. *

(District Court, N. D. California, S. D.  May 27, 1925.)

**1. Criminal law ☞995(6) — Two sentences running concurrently held not void.**

A defendant, convicted on two counts and sentenced to be "imprisoned for the period of six months on the first count, and * * * for the period of six months on the second count, said judgments of imprisonment to run concurrently," *held,* not entitled to discharge on habeas corpus, on the ground that the judgment does not specify which term of imprisonment should be first served.

**2. Habeas corpus ☞4—Writ cannot be used to correct errors.**

A technical objection to the form of sentence, not raised in either the trial court or the appellate courts to which the case was taken, nor noticed by either appellate court as a "plain error," does not afford ground for discharge of defendant on habeas corpus.

Habeas Corpus. Petition of Harry Rice for writ to secure discharge. On·demurrer to petition. Demurrer sustained, rule to show cause discharged, and petition denied.

Marshall B. Woodworth and Frank J. Hennessy, both of San Francisco, Cal., for petitioner.

Sterling Carr, U. S. Atty., of San Francisco, Cal., for the United States.

`. PARTRIDGE, District Judge. The petitioner and one Peter P. McDonough were tried and convicted for violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Judgment upon the petitioner was imposed as follows: "That Harry Rice pay a fine in the sum of one thousand ($1,000.00) dollars and be imprisoned for the period of six (6) months on the first count of the information, and be imprisoned for the period of six (6) months on the second count of the information; said judgments of imprisonment to run consecutively."

[1] The basis of the application for this writ is that the jail sentences should run concurrently, because the judgment does not specify which term of imprisonment should be first—that is, whether he was to serve the six months on the first count, and then the sentence on the second count, or vice versa. Motions for a new trial and in arrest of judgment were made and denied. Then, after the imposition of sentence, another motion for a new trial was made and entertained by the court, upon the ground that the officer who had sworn to the complaint had committed perjury as to the defendant McDonough.

*Judgment affirmed 7 F.(2d) 319.

As to Rice, there was never any real contention that he was innocent; indeed, his own evidence was a practical admission of guilt. After this motion was denied, a writ of error was taken to the Circuit Court of Appeals, and the judgment affirmed. A rehearing was had in that court, and the judgment again affirmed. The case then went to the Supreme Court, and certiorari was denied. It is worthy of note that neither in the motion after judgment here, nor in the Circuit Court of Appeals, nor the Supreme Court, was the question as to the form of judgment mentioned in any manner. On the contrary, the defendants strenuously urged in the Circuit Court of Appeals that the sentences were excessive. They treated them as amounting to one year for this petitioner, and 15 months for his codefendant, Mr. McDonough. That contention was considered by the Circuit Court of Appeals, as shown by the following language:

"The sentence was not excessive. The evidence related to a number of events or transactions of a flagrant character, reduced by the prosecution to two separate and independent charges, 'selling whisky and maintaining a common nuisance.' There was a common element running through all the transgressions, in violation of the Prohibition Act; but this common element of culpability, instead of reducing the offenses, fixed them definitely at not less than two within the scope of the statute. The jury found the defendants guilty of both." McDonough v. United States (C. C. A.) 299 F. 30.

[2] It is further worthy of note that the form of judgment here for consecutive sentences has always been used in this court from the earliest times. In other words, this defendant, at a time when the error—if it be one—could have been readily corrected, either failed to discover the point or studiously avoided all reference to it. Moreover, two years have elapsed since this judgment was imposed. In that time, many such judgments, in other cases, have been rendered in the same form; and if that form be erroneous, that error could have been avoided, had the question been seasonably presented. Upon this phase of the question, the Circuit Court of Appeals of the Sixth Circuit, in Howard v. United States, 75 F. 986, 21 C. C. A. 586, 34 L. R. A. 509, says:

"Not only in Blitz v. U. S. were cumulative sentences imposed, but such was also the judgment of the court in Re Henry, 123 U. S. 372, 8 S. Ct. 142, and in Re Mills, 135 U. S. 253, 10 S. Ct. 762, and in other cases that might be referred to. And, while the authority to pronounce such judgment was not made a specific question in the cases, it was perfectly apparent in the cases that such practice had been pursued, and the Supreme Court of the United States, according to its own rules, reserves the right to 'notice a plain error not assigned or specified.' And, if the courts of the United States be without authority to pronounce cumulative sentences upon convictions of separate offenses, the error was so vital and so obvious in the cases that the court would certainly have felt called upon to notice it in the interest of the accused. Railway Co. v. Warren, 137 U. S. 348, 11 S. Ct. 96."

So, in Wiborg v. U. S., 163 U. S. 659, 16 S. Ct. 1127, 41 L. Ed. 289, the Supreme Court said "that we may properly take notice of what we believe to be a plain error, although it was not duly excepted to."

It is now insisted that this judgment is "plain error," although petitioner's counsel did not raise it, nor did the Circuit Court of Appeals or the Supreme Court discover it. Moreover, if it be error, it is one that could not possibly prejudice the petitioner. What difference could it make to him whether he served his sentence upon the first count prior to the sentence on the second, or the latter sentence first? It is, at best, a mere technicality, not in any way affecting the substantial rights of the petitioner—a technicality of the kind which tends to bring the whole administration of the law into disrepute.

Congress has attempted, at least, to eliminate such technical matters by Judicial Code, § 269 (section 1246, Comp. St.), as amended by the Act of February 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), which provides: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

This is an extreme case of the constantly repeated attempts of persons convicted of crime to make the writ of habeas corpus serve the purposes of a writ of error, or to hold a point in reserve on writ of error, and bring it up for summary adjudication after writ of error has failed. The courts have invariably discountenanced this procedure. Thus, in Howard v. Moyer, 206 F. 555, Judge Newman, of the Northern district of Georgia, had before him, on habeas corpus,

a sentence of 10 years in gross, after conviction on two separate counts; the limit upon either being 5 years. He said:

"Even if the court committed an error in imposing the sentence as it did, that cannot be corrected by a writ of habeas corpus. A writ of habeas corpus is not a writ to be used for the correction of errors. This question was before this court in the Glasgow Case (D. C.) 195 F. 780, affirmed by the Supreme Court in Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147. In the opinion in that case Mr. Justice McKenna said: 'The writ of habeas corpus cannot be made to perform the office of a writ of error. This has been decided many times, and, indeed, was the ground upon which a petition of appellant for habeas corpus to this court, before his trial, was decided. It is true, as we have said, that the case had not then been tried; but the principle is as applicable and determinative after trial as before trial. This was decided in one of the cases cited. In re Lincoln, 202 U. S. 178, 26 S. Ct. 602, 50 L. Ed. 984, which cited other cases to the same effect. Subsequent cases have made the principle especially pertinent to the case at bar. Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849, was an appeal from a judgment discharging a writ of habeas corpus petitioned for after conviction, and it was held that the writ could not be used for the purpose of proceedings in error, but was confined to a determination whether the restraint of liberty was without authority of law. In other words, as it was said: "Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions." Matter of Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184, was a writ of habeas corpus brought after conviction, and we said that we were not concerned with the question whether the information upon which the petitioner was prosecuted and convicted was sufficient, or whether the case set forth in an agreed statement of facts constituted a crime—that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render judgment. And for this many cases were cited.'

"My conclusion in this case is that the sentence of the petitioner is not absolutely void, that the natural and undoubtedly the proper inference from the extent and character of the sentence is that it was the purpose of the court to sentence the prisoner to 5 years on each of the first two counts in the indictment and a fine of $1,000 on each, and, while this was entered as a gross sentence for 10 years and a fine of $2,000, it is not for that reason a nullity."

This case was affirmed by the Circuit Court of Appeals in 208 F. 678, 125 C. C. A. 576, by the adoption of Judge Newman's opinion in toto. The leading case on that subject is an opinion by Chief Justice Marshall in Ex parte Watkins, 28 U. S. (3 Pet.) 193, 7 L. Ed. 650, where it is said: "We have no power to examine the proceedings on a writ of error, and it would be strange if, under color of a writ to liberate an individual from unlawful imprisonment, we could substantially reverse a judgment which the law has placed beyond our control."

In Ex parte Spencer, 228 U. S. 652, 33 S. Ct. 709, 57 L. Ed. 1010, it is said:

"Petitioners certainly had ample opportunity to avail themselves of the objections they make to the validity of the sentences. They had it when they were brought up for sentence. They had it when they appealed to the superior court. They had it when they applied to the Supreme Court to allow an appeal from the judgment of the superior court. And this would have been the orderly course, and efficient as orderly. It would have been orderly because their objections would then have been made in the courts ordained to administer the law applicable to the crime; efficient, because, if error was committed against constitutional rights, it could have been reviewed and corrected by this court. And surely even a defendant in a criminal case cannot complain if, in the tribunals in which he is arraigned for crime, he has opportunity to deny the crime, require its proof, resist unjust or excessive punishment, and have a review of all rulings through the successive state tribunals, and finally in the ultimate court of review, upon questions under the Constitution of the United States.

This being a defendant's opportunity, we have declared many times that it would only be an exceptional case when we should interfere by habeas corpus with the course or final administration by the state courts of the criminal justice of a state. The cases are very numerous. They are cited in Urquhart v. Brown, 205 U. S. 179, and In re Lincoln, 202 U. S. 178. In those cases, following other cases, the rule is laid down and some of the exceptional circumstances which might justify its departure are in-

dicated, and the discretion which this court may exercise. In Bailey v. Alabama, 211 U. S. 452, reviewing a judgment of the Supreme Court of Alabama which affirmed a judgment of a lower court denying a discharge on habeas corpus to the plaintiff in error, we said (page 453): 'If the Supreme Court had affirmed the denial of the discharge on the ground that the proper course was to raise the objections ruled upon at the trial of the principal case on the merits and to take the question up by writ of error, it would have adopted the rule that prevails in this court and there would be nothing to be said.' "

There is also authority for the proposition that this writ, if granted, would be of no practical benefit. Thus, in Bryant v. U. S., 214 F. 51, 130 C. C. A. 491, the Circuit Court of Appeals for the Eighth Circuit held that, even after the term had expired, the court on habeas corpus had the power to send the prisoner back for resentence, saying:

"The defects in the first sentence, if any, did not inhere in the trial or verdict, and therefore it appears Bryant is guilty and was properly convicted. He could have had the defects corrected by a direct proceeding for that purpose, which would have enabled the appellate court to regard also the rights of the government. 'When the orderly procedure of appeal is employed, the case is kept within the control and disposition of the courts; and if the judgment be excessive or illegal, it may be modified or changed, and complete justice done, as we have said, to the prisoner, and the penalties of the law satisfied as well.' Ex parte Spencer, 228 U. S. 652, 663, 33 S. Ct. 709, 712, 57 L. Ed. 1010.

"But, instead of adopting that course, Bryant sought by habeas corpus wholly to escape the remainder of his term of imprisonment. We think the District Court in Kansas properly prevented this by sending him back for a correction of the sentence. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; United States v. Carpenter, 81 C. C. A. 194, 151 F. 214. In habeas corpus a court is expressly authorized 'to dispose of the party as law and justice require.' Section 761, R. S. (U. S. Comp. St. 1901, p. 594). In Beale v. Commonwealth, 25 Pa. 11, it was said: 'The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established.' "

Nevertheless, if the judgment be entirely void, the petitioner is entitled to his writ. It is, of course, well settled that several sentences upon several indictments, or several counts in the same indictment, run concurrently, unless the judgment specifically and clearly provides that they shall be consecutive. Daugherty v. U. S. (C. C. A.) 2 F. (2d) 691.

It is, of course, admitted that this judgment does specifically provide that they shall be consecutive. But it is contended that it is void, because it does not further provide the order in which they shall run. Reliance is placed upon United States v. Patterson (C. C.) 29 F. 775. In that case the judgment was as follows: "The court do order and adjudge that the prisoner, Oscar L. Baldwin, be confined at hard labor in the state's prison of the state of New Jersey, for the term of five (5) years upon each of the three indictments above named, said terms not to run concurrently; and from and after the expiration of said terms until the costs of this prosecution shall have been paid."

As to that judgment Mr. Justice Bradley, sitting in the Circuit Court for New Jersey, said: "It is manifest that the judgment or sentence in this case is uncertain in this respect: It imposes the penalty of imprisonment at hard labor in the state's prison for the term of five years upon each indictment, and adds that the said terms shall not run concurrently, but does not specify upon which indictment either of said terms of imprisonment is to be undergone." But in this case, the judgment does specifically provide for a sentence of six months on the first count, and six months on the second count.

Petitioner further relies upon Puccinelli v. United States, 5 F. (2d) 6, recently decided by the Circuit Court of Appeals for the Ninth Circuit. But this question was not involved nor discussed in that case, except that United States v. Patterson was cited. Now, in this judgment, the court imposed a sentence of six months on the first count, and six months on the second count, "said judgments of imprisonment to run consecutively." Webster defines consecutive as "following in uninterrupted succession." " 'Consecutive' is synonymous with 'successive,' and these words are often used interchangeably." Dever v. Cornwell, 10 N.

D. 123, 86 N. W. 230. The words "successive" and "consecutive" are synonymous. State v. Hitchcock, 124 Mo. App. 101, 101 S. W. 117.

The effect of the judgment, therefore, is: (1) The petitioner was to serve six months on the first count. (2) He was to serve six months on the second count. (3) Said judgments were to be consecutive; that is, successive.

From the most technical point of view, it seems to me that logically, if a thing is directed to be done, and then a second thing is directed to be done, and they are ordered to be done consecutively, it means that the first mentioned is to be done first, and then the second immediately after. It might be argued, perhaps, that they would be done consecutively if the last was done first; but that seems to me such a finespun technicality that it should not be allowed to defeat the ends of justice, after the petitioner had an opportunity to raise the point in every court in the land.

The courts have repeatedly held that, where there are several offenses, a judgment in gross, even though it may exceed the sentence allowed for any one offense, is sufficient if the sum of the sentences allowed on each offense is less than, or equal to, the gross sentence. In re De Bara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Feigin v. U. S. (C. C. A.) 3 F.(2d), 866; Neely v. U. S. (C. C. A.) 2 F.(2d), 849. Surely, if a mere sentence in gross is sufficient, one which so clearly allocates the punishments to the different counts should be upheld.

Demurrer sustained, rule to show cause discharged, and petition denied.