## LEE LIM v. DAVIS, Warden.

No. 4866.   Decided December 31, 1929.   (284 P. 323.)

*King & King,* of Salt Lake City, for appellant.

*George P. Parker,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for respondent.

### EPHRAIM HANSON, J.

Upon the petition of plaintiff a writ of habeas corpus was issued by order of the Chief Justice to R. E. Davis, warden of the state prison. The writ was made returnable before Hon. O. W. McConkie, one of the judges of the district court of Salt Lake county. Upon the hearing the writ was quashed. The case is now before us on appeal from the order quashing the writ. Plaintiff's contention that the district court had no authority or jurisdiction to impose an indeterminate sentence upon him for the crime of murder in the second degree, that such sentence is illegal and void, and that the court is now without power to pass a legal sentence upon him fairly presents the propositions presented on this appeal.

On October 13, 1926, in the district court of Salt Lake county, plaintiff herein entered a plea of guilty to the charge of murder in the second degree. Thereupon he was sentenced to "be imprisoned in the state prison of this state for an indeterminate term between ten years and life." In entering the judgment the clerk of the court made it read: "You, Lee Lim, be confined and imprisoned at hard labor in the state prison in and for the state of Utah for an indeterminate term as provided in section 9062, Compiled Laws Utah 1917." A certified copy of such entry went into and became a vital part of the commitment under which plaintiff is now being held by the defendant.

During the hearing in the habeas corpus proceeding the district attorney made a motion in writing in the case (*State* v. *Lee Lim* and *S. E. Yang*) wherein the sentence now complained of was imposed upon the petitioner for an order to correct the record of the judgment therein, so as to have the record correspond with the judgment and sentence as actually rendered by the court. The motion was based upon

a certified transcript of the reporter's notes taken of the proceedings of the court in the case and at the time sentence was pronounced. At the hearing on the motion plaintiff herein was not personally present, but was represented by his present counsel. The motion was granted, and an order was entered therein correcting the minute entry of the judgment. The defendant's return to the writ was likewise amended.

The action of the court in this connection is assigned as one of the errors on this appeal. Petitioner, however, makes no mention of the assignment in his brief. Neither did he do so at the oral argument. But whether the amendment be allowed or not is immaterial, so far as it affects the results in this case. Therefore we may assume, without deciding, that the court's action in correcting the judgment entered was legal and proper. We treat the record before us as showing that the plaintiff was imprisoned in the state prison "for an indeterminte term between ten years and life."

Evidently the sentence was imposed on petitioner under a misapprehension that the law providing for the indeterminate sentence in criminal cases (Comp. Laws Utah 1917, § 9062, as amended by Laws Utah 1919, c. 132) applied to murder in the second degree. That law expressly provides that it shall not apply in cases of "treason or murder in any of the degrees thereof." The law directing what punishment should have been imposed upon petitioner is found in Comp. Laws Utah 1917, § 8026, which provides, "Every person guilty of murder in the second degree shall be imprisoned at hard labor in the state prison for a term which shall be not less than ten years and which may be for life," and Comp. Laws Utah 1917, § 7899, which provides, "Whenever in this Code the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence, within such limits as may be prescribed by

this Code." By the terms of the foregoing sections of the statute it was incumbent upon the court to have imposed a fixed and definite term of imprisonment upon plaintiff. The statute also required the court, in the exercise of its judicial discretion, to have designated the length of the term, within the prescribed limits. This was not done. The sentence is clearly indefinite.

Habeas corpus lies where the judgment or sentence is fatally defective upon the face of the record, as where it lacks the requisite definiteness and certainty. 29 C. J. p. 54; *Rasmussen* v. *Zundel*, 67 Utah 456, 248 P. 135, 137; *Mackelprang* v. *Walker* (Utah) 277 P. 401; *State* v. *Reed*, 138 Minn. 465, 163 N. W. 984; *Ex Parte Murray*, 43 Cal. 455. This court said in *Rasmussen* v. *Zundel*, supra:

"It is elementary that judgment, especially in criminal cases, should be definite, and ministerial officers should not be left in doubt as to what sentence is to be imposed."

Where the law prescribes a definite term of imprisonment, or directs a court, in the exercise of its judicial discretion, to fix a definite term within prescribed limits, the judgment of imprisonment, to be valid, must be so definite and certain in its terms that the prisoner and the officer charged with the execution thereof may ascertain therefrom the term of the imprisonment. *State* v. *Reed*, supra; *In re Howard*, 72 Kan. 273, 83 P. 1032; *Picket* v. *State*, 22 Ohio St. 405; *People* v. *Pirfenbrink*, 96 Ill. 68; 16 C. J. p. 1303, § 3078.

It has been held that a sentence is sufficient in this respect if the term of the imprisonment may be ascertained by reading it in connection with the statute under which it is imposed. *Elsner* v. *Shrigley*, 80 Iowa 30, 45 N. W. 393; *In re Hamilton*, 188 Mich. 499, 154 N. W. 567.

The defendant contends that, as the statute fixes the minimum term at 10 years, the sentence in question is valid to that extent, and that plaintiff is not entitled to the writ

until the 10 years had expired. This contention is without merit. It seems to be based upon the theory that, although the sentence might have been for a term more than 10 years, it could not have been less, and as the term of the sentence is in doubt the prisoner should be given the benefit of the doubt, and the sentence construed as being for 10 years. It seeks to apply the principle applicable in cases where the court in pronouncing sentence does not follow the law, but imposes a sentence of imprisonment for a term less than that which it is by law directed to impose. Such a sentence, by the weight of authority, though erroneous, is not void, and the prisoner will not be released on habeas corpus until he has served the term actually imposed by the sentence. 12 R. C. L. § 27. It overlooks the fatal objection to the sentence in question because of its indefiniteness and uncertainty.

In addition thereto such a contention seems to misapprehend the extent of an indeterminate sentence. The statute provides that such a sentence "shall continue in full force and effect until the maximum period has been reached, unless sooner terminated or commuted by the Board of Pardons." An indeterminate sentence is in law a sentence for the maximum period prescribed by law for the particular offense committed, subject to the provision of the statute that it may be sooner terminated by the Board of Pardons. 29 C. J. p. 57, § 49. The contention that the sentence is valid for 10 years finds no more support in reason than would the contention that the sentence is valid for the life of the prisoner. Both positions are equally untenable. Under the present judgment, neither the prisoner nor the warden can know the duration of the imprisonment imposed thereby. Whether it is for 10 years or for life, or for any other definite period of time, no one can certainly know. As we have seen the court was directed by law to impose a determinate sentence and to fix the length of the term in the exercise of its judicial discretion within the limits prescribed by the statute. There is no escape from the conclusion that the

sentence is so indefinite as to render it absolutely void upon its face. The judgment in its present form, therefore, furnishes no authority for holding the plaintiff in confinement in the state prison.

Although plaintiff is entitled to be discharged from the custody of the warden of the state prison, it does not necessarily follow that he is entitled to be set free. We are confronted with a situation where the validity of the conviction is conceded but where the sentence is void. In such circumstances it was said in *State* v. *Reed*, supra, a case which presents features in all respects essentially the same as the instant case:

"Only the validity of the sentence is challenged; the validity of the conviction is conceded. Where the conviction is valid, but the sentence imposed is void either in whole or in part, the weight of modern authority is to the effect that the prisoner cannot secure an unconditional discharge upon a writ of habeas corpus. * * *

"If the sentence is valid in part and void in part, and the two are not severable, or if it is wholly void because not such as the court was authorized to impose, the prisoner will be remanded for the imposition of a lawful sentence. *State* v. *Miesen*, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513; *State* v. *Langum*, 125 Minn. 304, 146 N. W. 1102; *In re Bonner*, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; *People* v. *Kelly*, 97 N. Y. 212; *In re Collins*, 51 Mont. 215, 152 P. 40; *In re Howard*, 72 Kan. 273, 83 P. 1032; *In re Harris*, 68 Vt. 243, 35 A. 55; *State* v. *District Court*, 35 Mont. 321, 89 P. 63; *Murphy* v. *Commonwealth*, 172 Mass. 264, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266."

In that case the relator was remanded to the custody of the warden of the state prison, to be taken before the district court for the imposition of a lawful sentence nunc pro tunc. The practice that seems to have been generally adopted by the courts is thus stated in 29 C. J. at page 175:

"Where the conviction is valid, but the judgment and sentence is unauthorized, the prisoner will be remanded to the custody of the proper officer in order that further proceedings may be had according to law, or the discharge may be delayed for a reasonable time to permit of further proceedings."

See also, *In re Lewis,* 51 Mont. 539, 154 P. 713; *In re Hughes,* 54 Mont. 153, 167 P. 650; *In re Harris,* 68 Vt. 243, 35 A. 55; and Halderman's Case, 53 Pa. Super. Ct. 554.

On a hearing and determination of a habeas corpus proceeding the court is directed by law "to dispose of the prisoner as justice may require." It is thereby invested with a most extensive power in directing the form of judgment to be entered. *In re Bonner,* supra. The judgment of conviction based on petitioner's plea of guilty being valid, should be enforced and is enforceable by the pronouncement of a proper sentence, unless the court has lost jurisdiction of the cause by lapse of time to now render a valid judgment. *State* v. *Gunter,* 16 Ala. App. 293, 77 So. 443.

Whether or not the district court of Salt Lake county, in which the petitioner was originally sentenced, still has jurisdiction of the cause, because of the great lapse of time, not occasioned by any act or proceeding on behalf of the petitioner, at this time to impose a proper sentence upon him is a question to be determined in the original cause wherein the sentence was imposed and one which we do not now decide. In view of that situation and inasmuch as the petitioner has now been confined in the state prison for more than three years we are of the opinion that the order in this case should be that the petitioner be discharged from the custody of the warden of the state prison, but without prejudice to the rights of the state to take any lawful measure to reassume jurisdiction of the petitioner in order that further proceedings may be had against him according to law.

The order of the district court quashing the writ is reversed, and the cause is remanded to the court, with directions to enter an order as indicated.

ELIAS HANSEN, J., concurs.

STRAUP, J., (concurring). I concur. For reasons stated in the case of *Frankey* v. *Patten* (Utah) 284 P. 318, the

opinion of which is filed at the same time the opinion in this cause is filed. I think we should not now decide whether the district court still has or has no jurisdiction, in the cause in which the void judgment was rendered, to now enter and render another or different judgment. I concur in the view that, where a wholly void judgment is rendered and entered on a valid conviction, the court rendering the judgment may, if it still has jurisdiction of the cause and its action therein properly invoked, render and enter a proper judgment. But there certainly is some period of time when a court loses jurisdiction of a cause, whether criminal or civil, to render and enter judgment therein or otherwise to proceed with it.

That the imprisonment of the petitioner on an absolute void judgment is unlawful, and that he is entitled to be discharged therefrom, does not, as it seems to me, admit of controversy. A judgment void on its face is not mellowed or enriched by age, but is an absolute nullity, and may be assailed directly or collaterally whenever and wherever drawn in question. To deny the petitioner's petition of discharge from his unlawful imprisonment and custody is to suspend the writ of habeas corpus. Upon the petitioner's discharge, it is time enough to determine what, if any, proceedings may be had in the district court in the cause in which the judgment was rendered, to have another judgment rendered and entered when such proceedings are had and our review sought of them. If the state be advised that the district court still has jurisdiction to so proceed, ample process is available to the state to invoke such jurisdiction, and to bring the petitioner before the court to be dealt with accordingly. Certainly the petitioner is not to be denied his day in court to challenge whatever proceedings may so be invoked, nor to be precluded from an appeal from, or other review of, whatever judgment may so be rendered and entered.

I therefore concur with Mr. Justice EPHRAIM HANSON that the question of jurisdiction of the district court

to now render or enter another judgment in the cause is not now before us, and should not now be decided, and that the petitioner is entitled to be discharged from his unlawful imprisonment and custody, without prejudice to whatever right the state may have to further proceed in the cause in the district court. Such an order fully protects the rights of both parties, without prejudging the rights of either. And as more fully stated in *Frankey* v. *Patten,* a proceeding of habeas corpus is unlike an appeal from or review of a judgment where by the appeal or writ of review jurisdiction of the cause in which the judgment was rendered is conferred on the appellate tribunal, and where, by remanding the cause, jurisdiction is again conferred on the court below to proceed as directed by the appellate court.

By this proceeding the cause in which the judgment was rendered is not before us, nor is jurisdiction of it conferred on us. Thus, if the district court has not jurisdiction to further proceed in the cause, we may not by direction confer it.

CHERRY, C. J. (dissenting). I do not agree that the prisoner be discharged. It is my opinion that he should be remanded to the warden, and the warden directed to deliver him to the sheriff of Salt Lake county, to abide the further order and judgment of the district court before whom he was duly and legally convicted.

I am fully aware of the general rule of law which prohibits courts from altering or reopening their own judgments for errors of law after the term during which the judgments were entered. Necessity requires that there shall be a limit of time during which judgments may be so questioned. But the rule has no proper application to cases like the one before us. When an accused person has been legally convicted of a criminal offense, and the court, through inadvertence or error, sentences him to an illegal or unauthorized punishment, it is repugnant to reason and a plain defeat of justice

to discharge the convict. And the absurdity of such a proceeding is not lessened by the fact that the convict waits until after the term of court at which he was sentenced has expired to apply for his discharge upon habeas corpus.

In such circumstances there is ample warrant, both in precedent and principle, for correcting the error thereby granting full relief from the matter complained of. The prisoner here was convicted, on his own plea, of murder in the second degree. Of the validity of his conviction there is not the slightest question. He was erroneously or illegally sentenced to an indeterminate term in the state prison, instead of to a fixed and determinate term. Under the law he could have had the error corrected by timely application to the trial court or by appeal. He did neither, but remained silent for several years. Now he demands his unconditional release, because of the defect in his sentence.

The statute (Comp. Laws Utah 1917, § 2691) provides that, after the hearing upon the return of any writ of habeas corpus, the court or judge "shall dispose of the prisoner as justice may require." Under a similar federal statute the Supreme Court, of the United States, in the case of *In re Bonner,* 151 U. S. 242, 14 S. Ct. 323, 327, 38 L. Ed. 149, said:

"The court is invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus," and that "it would seem that in the interest of justice, and to prevent its defeat, this court might well delay the discharge of the petitioner for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, that the defects, for want of jurisdiction, which are the subject of complaint, in that judgment, may be corrected."

While in this case the order was for the discharge of the prisoner without prejudice of the United States to take any lawful means to have the prisoner sentenced in accordance with law upon the verdict against him, it was plainly pointed out in the decision that the court that imposed the illegal sentence could reassume jurisdiction in order that the defect

might be corrected and the court added that the object of judges "should be, not to turn loose upon society persons who have been justly convicted of criminal offenses, but, where the punishment imposed, in the mode, extent, or place of its execution, has exceeded the law, to have it corrected by calling the attention of the court to such excess. We do not perceive any departure from principle, or any denial of the petitioner's right, in adopting such a course." The Bonner Case was decided in 1894. Its reasoning has been followed in numerous subsequent cases. But instead of discharging the prisoner without prejudice to further proceedings, as was done in the Bonner Case, the later cases have uniformly ordered the prisoner detained until the sentence complained of could be corrected.

In Halderman's Case, 53 Pa. Super. Ct. 554, the prisoner was "remanded for resentence and that the record be remitted to the court below to the end that appropriate process may be issued to bring him into that court for such resentence in accordance with law." A later Pennsylvania case is *Commonwealth ex rel.* v. *Ashe,* 293 Pa. 18, 141 A. 723, wherein it is held that a prisoner who had served more than one year in penitentiary under illegal and void sentence would not be discharged on habeas corpus, but would be returned to trial court for resentence.

*In Re Charles Harris,* 68 Vt. 243, 35 A. 55, 56, the prisoner was "released from imprisonment in the state prison, and remanded to the custody of the sheriff of Caledonia county, who is authorized to detain him for sentence by the Caledonia county court," and his petition dismissed.

*In Re Lewis,* 51 Mont. 539, 154 P. 713, the court said that, while the petitioner was entitled to be discharged from the custody of the warden of the state prison, he was not entitled to go free, but must be committed to the custody of the sheriff to be by him brought before the district court for sentence and judgment in accordance with law.

In *Ex parte Howard,* 72 Kan. 273, 83 P. 1032, 1034, the judgment said:

"It is the judgment of this court that the sentence is void; but, the conviction being regular and valid, the petitioner ought not to be discharged. A valid judgment should be rendered, and the petitioner should be returned to the custody of the proper authorities for that purpose. If, however, this be not done within 20 days, the petitioner will be discharged from the warden's custody."

In *Johnson* v. *State,* 81 Fla. 783, 89 So. 114, the seventh headnote reads:

"Where an illegal sentence is rendered upon a plea of guilty, and the defendant seeks relief in habeas corpus proceedings, the petitioner may be remanded for a proper sentence, if the plea of guilty is predicated upon a sufficient charge under a valid statute."

In *Hampton* v. *Orme,* 92 Fla. 412, 109 So. 455, the Supreme court of Florida reversed an order of the circuit court discharging the prisoner because his sentence was invalid, and remanded the prisoner for a valid sentence.

In *State ex rel.* v. *Reed,* 138 Minn. 465, 163 N. W. 984, 985, where the conviction was valid and the sentence void, the court ordered the prisoner delivered to the court where he was tried "for the imposition of a lawful sentence nunc pro tunc."

*In Re Vitali,* 153 Mich. 514, 116 N. W. 1066, 126 Am. St. Rep. 535, it was held that, where the trial court has imposed an illegal sentence, it has power to substitute for it a legal sentence, notwithstanding the illegal sentence has been partly executed, and that habeas corpus will not lie on the ground that there has been an illegal sentence if it is one that may be corrected by a new and legal sentence. The rule and practice is the same in California. *Ex parte Lee,* 177 Cal. 690, 171 P. 958; *Ex parte Colford,* 68 Cal. App. 308, 229 P. 63; *Ex parte Nichols,* 82 Ca. App. 73, 255 P. 244.

In *Bryant* v. *United States,* 214 F. 51 (C. C. A. 8th Circuit) the court affirmed a corrected sentence made after the

expiration of the term at which a defective sentence was imposed, and after habeas corpus proceedings had resulted in an order that the accused be conducted to the court where he had been tried there to abide the judgment and order of that court. In this case it is expressly held that the district court before whom the habeas corpus proceeding was tried properly prevented the prisoner from escaping further imprisonment by sending him back for a correction of the sentence, and further expressly held that the trial court had jurisdiction to impose a corrected sentence although the term at which he was convicted and sentenced had passed. See, also, *Mahler* v. *Eby,* 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549.

In 29 C. J. 175 the rule is stated as follows:

"Where the conviction is valid, but the judgment and sentence is unauthorized, the prisoner will be remanded to the custody of the proper officer in order that further proceedings may be had according to law, or the discharge may be delayed for a reasonable time to permit of further proceedings."

To thus dispose of a prisoner does not deprive him of any right or offend against any legal principle. It merely limits the extent of his relief to the matters of which he complains. It does full justice to the prisoner and avoids gross injustice to the public. It is so appropriate to the situation and so generally approved by judicial opinion that its application here is imperative.

FOLLAND, J. I. concur in the views expressed by Mr. Chief Justice CHERRY in his dissenting opinion.