385 P.2d 334

**STATE of Utah, Plaintiff and Respondent,**

v.

**Eugene Thorpe BASSETT, Arthur Jerome Phillips and William D. Morrell, Defendants and Appellants.**

No. 9918.

Supreme Court of Utah.

Oct 1, 1963.

Stephen M. Hadley, Verl R. Topham, Salt Lake City, for appellants.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendants appeal from convictions of the crime of attempted escape. All three of them were serving terms of from five years to life in the State Prison for the crime of robbery at the time of the attempted escape.

No issue is made as to their guilt. That is conceded. The sole question is whether they can lawfully be charged and convicted under our escape statute.[1] The pertinent provisions of this statute are as follows:

"Every prisoner confined in the state prison for a term *less than life* * * * who escapes or attempts to escape from such prison * * * shall be imprisoned in the state prison for a term of not more than ten years; such second term of imprisonment to commence from the time he would otherwise have been discharged from said prison. * * *." (Emphasis added.)

It is the contention of defendants that a sentence of five years to life must be construed as being a term for the maximum provided therein—that is, as a life term—and, therefore the escape statute is inapplicable as to them. They have cited several decisions of this court wherein we have held that an indeterminate sentence is in law a sentence for the maximum prescribed by law.[2] However, none of these cited cases involved the indeterminate sentence as it applies to our escape statute.

The escape statute has been a part of the laws of this state since statehood.[3] At the time of its enactment the law provided that a court could sentence a convicted person to a definite term within prescribed limits. For example, at that time robbery was punishable for a period of not less than

1. 76-50-2, U.C.A.1953.
2. Mutart v. Pratt, 51 Utah 246, 170 P. 67; State v. Empey, 65 Utah 609, 239 P. 25, 44 A.L.R. 558; Lee Lim v. Davis, 75 Utah 245, 284 P. 323, 76 A.L.R. 460.
3. Sec. 4114, Rev.St.1898. Amendments have been made to the original statute, but are not pertinent herein.

three years nor for more than 20 years and the court could invoke a sentence for a definite term of years within those limits.

The legislature, in 1913, enacted our present indeterminate sentence law.[4] This provided that the trial court would no longer make a specific sentence, but rather it would be indeterminate, subject to the right of the Board of Pardons to determine the release date of the convicted person from incarceration.

We have no quarrel with the previous decisions of this court holding that under the circumstances presented therein that an indeterminate sentence be construed as a sentence for the maximum prescribed.[5] However, because of the legislative history of the escape statute and the indeterminate sentence law, we cannot ascribe to the legislature an intent to render immune from punishment for escape or attempt thereof, those prisoners who are serving an indeterminate sentence having a maximum prescribed limit of life imprisonment.[6]

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

4. Ch. 100, Laws of Utah 1913. 77–35–20, U.C.A.1953.
5. Supra, n. 2.

6. State v. Walsh, 106 Utah 22, 144 P.2d 757; State v. Neimier, 106 Utah 307, 148 P.2d 327.