## In re GUT LUN.

(District Court, N. D. California. December 28, 1897.)

No. 11,405.

HABEAS CORPUS—DEPORTATION OF CHINESE.

Where, on habeas corpus in behalf of a Chinese person held for deportation, it appears that the judgment of deportation which was rendered by another federal court has been set aside, and a new trial granted, but without the issuance of any warrant for the apprehension and return of the petitioner, the court will, nevertheless, not discharge her, but will order her delivery to the marshal for the district where the judgment of deportation was rendered.

This was an application for a writ of habeas corpus in behalf of Gut Lun, a Chinese woman, held for deportation under the exclusion laws.

Lyman I. Mowry, for petitioner.
Bert Schlesinger, Asst. U. S. Atty.

DE HAVEN, District Judge. This is the second time that application has been made to this court to restore the said Gut Lun to her liberty by proceedings under the writ of habeas corpus. Upon the hearing had upon the former application, it appeared that she had been brought within this jurisdiction, to be thence deported to the Empire of China, under and by virtue of a judgment of the district court of the First judicial district of the territory of Arizona, and that she was at the date of the issuance of that writ on board of the steamship Rio de Janeiro, and in the custody of its master, for the purpose of deportation under said judgment. Thereupon this court discharged the writ which had been issued in her behalf, and further ordered that she be remanded to the custody whence she was taken, to be deported to China, in accordance with the said judgment of the district court of the First judicial district of the territory of Arizona. In re Gut Lun, 83 Fed. 141. Thereafter, the district court of the First judicial district of the territory of Arizona entered an order setting aside its former judgment, and granting to the said Gut Lun a new trial, but issued no warrant for her apprehension and return to that territory for such trial.

It is now claimed that the judgment under which Gut Lun was brought within this jurisdiction having been vacated, and no other warrant or authority for her detention having been issued by the court in which it was rendered, she is entitled to be discharged. It is clear to me, however, that such order should not be made. The proceeding relating to her right to remain in the United States is now pending in the district court of the territory of Arizona, and she should be returned to that territory for trial. The district court of the territory of Arizona, having jurisdiction of the proceeding, would undoubtedly have the authority to issue a warrant or writ under which the said Gut Lun could be legally returned to the territory of Arizona for trial. In re Christian, 82 Fed. 885. For some reason, however, that court has not exercised its authority in this respect, but its failure

so to do is not equivalent to a dismissal of the proceeding in which its former judgment, directing her deportation, was rendered, and would not justify her discharge upon the present writ.

Under section 761 of the United States Revised Statutes, the court is required, in any proceeding where a party seeks release under a writ of habeas corpus, "to dispose of the party as law and justice require"; and, as incident to this jurisdiction, it has authority to make all orders necessary to carry out this command of the statute. I have no doubt whatever that this court, having determined that "law and justice require" such action, has ample authority, in the exercise of its jurisdiction in this proceeding, to make an order requiring the United States marshal of this district to deliver the said Gut Lun into the custody of the marshal of the territory of Arizona for trial under the proceeding there pending against her. Ordered that the writ be discharged, and the said Gut Lun be remanded to the custody of the United States marshal for this district; and said marshal is further ordered to deliver the said Gut Lun into the custody of the United States marshal for the territory of Arizona, for the purpose of trial in the proceeding now pending against her in the district court of the First judicial district of the territory of Arizona.