## IN RE LEWIS.

### (No. 3,760.)

(Submitted November 8, 1915. Decided January 7, 1916.)

[154 Pac. 713.]

*Habeas Corpus — Criminal Law — Conviction — Acquittal — Erroneous Sentence—Effect.*

Criminal Law—Conviction—Acquittal—By What Accomplished.
1. The conviction or acquittal of a person tried for crime is accomplished by the verdict, not by the judgment.

Same—Erroneous Sentence—Subject to Correction.
2. An error made by the trial court in the imposition of sentence for crime may be corrected by it.

[Review of judgment and sentence on writ of *habeas corpus,* see note in 87 Am. St. Rep. 190.]

Same—*Habeas Corpus*—Proper Conviction—Erroneous Sentence—Effect.
3. One duly convicted but unduly sentenced is not, on *habeas corpus,* entitled to an absolute discharge from custody, but must be committed for resentence and judgment according to law.

(MR. JUSTICE HOLLOWAY dissenting.)

In the matter of the application of Floyd Lewis for a writ of *habeas corpus.* Writ granted, but complainant committed for resentence.

*Mr. H. C. Crippen,* for Complainant, argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

*Habeas corpus.* The petitioner, Floyd Lewis, is now confined in the state prison under a judgment of conviction for the crime of statutory rape, said judgment having been pronounced by the district court of Yellowstone county, conformable to a verdict which declared his guilt and assumed to fix his punishment "at not less than two years nor more than two years." He seeks his release and an absolute discharge upon the ground that the verdict and judgment are void because they do not comply with the requirements of the Indeterminate Sentence Act (Laws 1915, p. 21).

The express provisions of this Act are that in convictions for certain offenses, including statutory rape, the verdict—if the jury fix the punishment—and the judgment in any event, must, "instead of fixing the punishment at a definite term," prescribe a minimum not less than the minimum fixed by the statute for the offense involved, and a maximum not greater than the maximum so established. Sufficient reasons are stated by Mr. Chief Justice Brantly in *Collins' Case, ante,* p. 215, 152 Pac. 40, for the conclusion that the verdict and judgment are not in compliance with the Act, and the effect of such circumstance is the question before us.

As regards the verdict, no difficulty is presented; it amounts to nothing more nor less than a conviction of the offense charged in the information (Rev. Codes, sec. 9322; *Ex parte Brown,* 68 Cal. 176, 8 Pac. 829), with an abortive attempt to fix the punishment. The effect of such a condition is settled by statute, for upon the return of such a verdict it becomes the duty of the presiding judge to assess and declare a proper punishment just as though the jury had attempted no expression upon the subject. (Rev. Codes, sec. 9330.)

That the conviction or acquittal of a person tried for crime [1] is accomplished, not by the judgment but by the verdict, is a proposition both ancient and elementary. (*Shepherd* v. *People,*

25 N. Y. 406, 419 *et seq.; United States* v. *Gibert,* 2 Sumn. 19, 40, Fed. Cas. No. 15,204; *Brennan* v. *People,* 15 Ill. 511, 517; *Mount* v. *State,* 14 Ohio, 295, 45 Am. Dec. 542; *Ex parte Brown, supra.*)

[2] We have, therefore, the case of a person duly convicted so far as this record shows, but unduly sentenced; and there cannot be the slightest doubt that upon an appeal the improper sentence would be annulled and the cause remanded with directions to impose sentence and enter judgment in conformity with the law. (Rev. Codes, sec. 9417; *State* v. *Tyree,* 70 Kan. 203, 3 Ann. Cas. 1020, 78 Pac. 525, 8 R. C. L., secs. 237, 239.) Must the result be otherwise and the person convicted be altogether released, merely because he has chosen the writ of *habeas corpus* as the method for bringing the same matter to our attention? To so hold would, it seems to us, put form before substance as the thing of ultimate concern. Such is not the practice of this court in other cases nor the command of the law in this case. One of the chief purposes of all legal administration is the prevention of crime, by the due punishment of persons judicially ascertained to have been guilty of crime; and no person whose guilt has been judicially determined is entitled to immunity merely because the trial court having jurisdiction of him and his cause has made a mistake in a correctible matter. We say "correctible matter" advisedly, because the imposition of sentence is such a matter. (8 R. C. L., sec. 239; note to 3 Ann. Cas. 1024 *et seq.*) While *habeas corpus* relieves from illegal custody, it is no part of its function to absolve anyone from the penalty of his guilt (12 Cyc. 276); and when in such proceedings it is made to appear that the petitioner is guilty of a criminal offense or ought not to be discharged (Rev. Codes, sec. 9646), or that, though illegally held, another is entitled to his custody (Rev. Codes, sec. 9650), he is not to be absolutely discharged but must be recommitted as may be just and legal. Specific application of these provisions or of principles embodied in them have been made in many cases analogous to the one at bar; among such cases are the following: *Ex parte Branigan,* 19 Cal. 133; *Ex parte Gilmore,* 71 Cal. 624, 12 Pac. 800; *People* v. *Kelly,*

97 N. Y. 212; *Coleman* v. *Nelms,* 119 Ga. 307, 46 S. E. 451; *Miller* v. *Snyder,* 6 Ind. 1; *Russell* v. *Tatum,* 104 Ga. 332, 30 S. E. 812; *Ex parte Tayloe,* 5 Cow. (N. Y.) 39; *In re Sullivan,* 5 R. I. 27; *In re Gut Lun,* 84 Fed. 323.

Petitioner calls our attention to *State* v. *District Court,* 35 Mont. 51, 88 Pac. 564, which, upon first impression, seems to support his claim to an absolute discharge; but an examination of this decision with the record disclosing just what was before this court will show that such impression is illusory. The proceeding was on supervisory control brought by the state to review an order of the district court of Deer Lodge county on *habeas corpus,* and the facts as made to appear to the district court were that the applicant, Fairgraives, had been convicted of a misdemeanor in the district court of Silver Bow county, Hon. Michael Donlan, Judge presiding, but committed to the state prison for the offense as a felony. It is worthy of note that the order which was reviewed and upheld by this court discharged Fairgraives from the custody of the prison contractors and committed him to the custody of the sheriff of Silver Bow county, to be dealt with by Judge Donlan as might be meet and proper. It is fair to say, however, that the only question really presented in this court was the propriety of the discharge from the custody of the prison contractors, neither side challenging the recommitment to the sheriff. Manifestly, if this decision be at all pertinent to the present inquiry, it is a precedent for the order which we propose to enter.

A situation more truly analogous to that now before us was presented by *In re McDonald,* 49 Mont. 454, L. R. A. 1915B, 988, 143 Pac. 947, concluding which we said: "The trial and commitment of petitioner Gillis were void and his detention thereunder cannot be upheld. But he is not entitled to his release. The record discloses an abortive attempt to try and punish him for an alleged violation of the laws of the state. He must, therefore, be remanded to the custody of respondents to be dealt with according to law."

So here, it is our opinion that the petitioner is entitled to be discharged from the custody of the warden of the state **[3]** prison because, though tried and convicted, no proper sentence has been pronounced upon him. ·But he is not entitled to go free; he must be committed to the custody of the sheriff of Yellowstone county, to be by him brought before the district court of that county for sentence and judgment in accordance with the law. It is so ordered.

Mr. Chief Justice Brantly concurs.

Mr. Justice Holloway: I dissent. The judgment entered against this petitioner in the district court is void and the commitment under which the warden assumes to imprison him is a nullity.

This court has no original jurisdiction in criminal cases, and I challenge its authority to issue a commitment under which the sheriff of Yellowstone county can hold this petitioner in confinement until such time as a judgment may be rendered and entered against him in the district court. At least until that judgment is rendered—whether it be done within one month or six months—this petitioner will be deprived of his liberty without due process of law, the constitutional guaranty notwithstanding.

The decision of the majority converts the writ of *habeas corpus* into a writ of review, and the cause is treated and disposed of as though the case of the *State* v. *Lewis* was before this court on appeal. In this state the writ of *habeas corpus* is the writ as it was known to the law at the time our Constitution was adopted in 1889, and in an application of the character of the one now before us the inquiry upon the return is limited to a determination of the question: Is the imprisonment or restraint legal? (Sec. 9642, Rev. Codes.) Sections 9643 and 9650, Revised Codes, specify particularly when the applicant may be remanded to custody, but the circumstances of the present case do not approach the conditions enumerated therein.

That this applicant is illegally imprisoned cannot be gainsaid, and section 9658, Revised Codes, provides that under such circumstances *he must be discharged.* It may be that the law ought to be different, but until changed by the proper lawmaking body, this court ought to carry into effect the plain provisions of the Codes, whatever the results may be.