PETITION OF LARRY CHEADLE.
No. 10760.
Decided February 27, 1964.
389 P.2d 579.

PER CURIAM.

Petitioner, an inmate of the Montana State Prison, appearing pro se, seeks a writ of habeas corpus, and in his petition alleges that on September 28, 1961, he was sentenced in the district court of Powell County, Montana, to a term of one year on a charge of escape from the prison and a term of three years on a charge of using an automobile without the consent of the owner, said sentences to run consecutively; that petitioner is now serving the three year sentence which under the commitment was to commence at the expiration of the escape sentence of one year and since he has not yet served the escape sentence the sequence of sentences as contained in the commitment has

been altered by the warden of the state prison and petitioner contends that this change in sequence has infringed his rights.

Petitioner bases his argument here on the provisions of two statutes, the first being section 94-4716.1, R.C.M.1947, which provides in dealing with crimes committed when absent from the prison that the term "shall commence at the termination of the term of imprisonment for which said person was then committed or under sentence at the time said subsequent offense was committed." This is a general section dealing with all crimes. The second is section 94-4203, R.C.M.1947, dealing specifically with escape sentences, which provides in part: "said second term of imprisonment to commence from the time he would have otherwise been discharged from said prison."

If the contentions made by petitioner are correct as to the sequence of the execution of the sentences as carried on the prison records, it is apparent that the warden followed the provision contained in section 94-4716.1, that the term should commence on the three year sentence for the crime committed while absent from the prison on escape at the termination of the term for which he was then committed, and the escape sentence to commence from the time he would have otherwise been discharged from the prison, as provided in section 94-4203.

This interpretation would appear to be reasonable, particularly in view of the provisions of section 94-101, R.C.M.1947, providing that the provisions of the code are to be construed according to the fair import of their terms, with a view to effect its object and promote justice.

It is not possible to perceive any infringement of petitioner's rights, as he contends. At the time of the imposition of the sentences he was an inmate of the prison under a commitment from the district court of Yellowstone County wherein he had been sentenced on December 28, 1960, to a term of three years for the crime of burglary. He escaped from the prison on August 30, 1961, and while at large committed the crime of using an automobile without the consent of the owner. While

it is true that the district court placed the sequence of the sentences in a different manner than petitioner contends the warden has done, wherein has he been deprived of any constitutional guaranty, or wherein have his rights, as he terms them, in any manner been violated? He will be subject to the custody of the warden until parole and thereafter control of the Board of Pardons until the expiration of the entire three sentences as shown consecutively, and he would be eligible for parole under any one of them to another in the discretion of the Board of Pardons, and we fail to see where any difference can arise to the inmate in which sequence the sentences are executed. He is not illegally held by the warden because he is legally held under one of the consecutive sentences at all times until their final expiration or earlier parole.

If we were to follow In re Lewis, 51 Mont. 539, 154 P. 713, and state that an error had been made by the district court in the sequence of imposition of the sentences, it would avail defendant naught, for under the ruling in that case one duly convicted but unduly sentenced is not, on habeas corpus, entitled to an absolute discharge from custody but must be committed for resentence and judgment according to law.

This being our view, the writ is denied and the proceeding is dismissed.