PETITION OF LARRY CHEADLE.

No. 11063.

Decided January 4, 1966. Supplemental Opinion January 18, 1966.

409 P.2d 541.

PER CURIAM:

Original proceeding.

Larry Cheadle, an inmate of the Montana State Prison, appearing pro se, has filed with this court an application for a writ of mandamus to be directed to the District Court of Yellowstone County and the Honorable E. E. Fenton, one of the District Judges thereof.

Annexed to the application is an original petition for a writ of habeas corpus filed in the District Court of Yellowstone County on December 3, 1965, and certified copy of the order of

that court dated December 13, 1965, holding that such court was without jurisdiction. The court annexed to its order a "Memorandum" and we quote therefrom as follows:

"It should further be noted that the petitioner was sentenced in Cause No. 6196 by the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, upon a charge of Burglary; that said sentence was for a term of three (3) years; that said sentence was imposed on December 28th, 1960; that said term of imprisonment has heretofore fully expired; and that the petitioner is not now restrained of his liberty under any Judgment of the District Court of Yellowstone County, (See Petition of Cheadle, 143 Mont. 327, 389 P.2d 579.)"

In this district court petition for writ of habeas corpus Cheadle contended that he was unlawfully arrested by the Billings Police Department as a parole violator on the burglary conviction and had been illegally returned to the State Prison. As pointed out by Judge Fenton in his Memorandum, petitioner is not now confined in the State Prison on the burglary charge. Reference to the per curiam opinion In re Larry Cheadle, supra, decided February 27, 1964, indicates that Cheadle was sentenced in the District Court of Powell County, Montana, on September 28, 1961, to a term of one year on an escape charge, he having escaped from the prison on August 30, 1961, and he was on the same date sentenced to a three-year term on a charge of using an automobile without consent of the owner, the sentences to run consecutively.

In his earlier petition for writ of habeas corpus filed in this court in 1964 petitioner stated that he was then serving the three year sentence for using an automobile without consent of the owner.

Judge Fenton correctly held that he had no jurisdiction to entertain a petition for writ of habeas corpus since Cheadle was not then, nor is he now, restrained of his liberty by virtue of any judgment of the District Court of Yellowstone County. Such being the case there is no merit to the application for a

writ of mandamus here and the application is denied and the proceeding is dismissed.

## SUPPLEMENTAL OPINION

On January 4, 1966, a memorandum opinion of this court was issued denying the application for writ of mandamus filed by Larry Cheadle, an inmate of the Montana State Prison, appearing pro se.

Cheadle now moves this court to withdraw his petition for writ of habeas corpus which had been originally filed in the District Court of the Thirteenth Judicial District, and annexed as an exhibit to his application for writ of mandamus, and that such petition then be considered by this court as an original petition for a writ of habeas corpus.

This court considered the allegations of the habeas corpus petition when the matter was before us previously and we have already ruled thereon. As we pointed out in our memorandum opinion, supra, Cheadle's allegations as to the illegality of his imprisonment are directed to alleged action of police officers in returning him to the prison for parole violation in connection with a sentence of three years imposed on him on December 28, 1960, and that sentence has expired. He is not now being confined thereon. See Petition of Cheadle, 143 Mont. 327, 389 P.2d 579. No allegations are contained in the petition with respect to any illegality of the sentence under which petitioner is now being imprisoned as required by section 94-101-2 R.C.M.1947.

For these reasons the writ sought is denied.