THE CITY OF BILLINGS, PLAINTIFF AND RESPONDENT, *v.*
STEVE TRENKA, DEFENDANT AND APPELLANT.

No. 11667.
Decided March 5, 1970.
Rehearing Denied March 26, 1970.
465 P.2d 838.

Lamb & Snyder, Billings, Charles E. Snyder (argued),
Billings, for appellant.

28

Robert L. Woodahl, Atty. Gen., Helena, Allen D. Gunderson, Asst. City Atty. (argued), Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the opinion of the Court.

Defendant, Steve Trenka, was convicted in Billings police court for maintaining a public nuisance and appealed to the district court of the Thirteenth Judicial District. He was tried again before a jury with the Hon. Charles Luedke presiding, and again convicted. He was fined $300 and sentenced to 90 days in jail. He now appeals to this Court.

The alleged nuisance in this action is an old unfinished frame structure located at 515 or 517 Avenue E in the Clanton Heights addition to the City of Billings. This building was either moved to or built on the property some time prior to 1951. It is placed on flat rocks and an 8 x 8 timber and raised about 12 to 18 inches off the ground. At one time preparations were made to stucco the outside of the building, and it was covered with tar paper and chicken wire. However, the stucco was never applied and now the rusted wire holds the torn and bleached remnants of the tar paper against the weathered and splintered sides of the building. One corner of the building is separating from the weight of the materials stored in the building, the roof is sagging, and the building is an eyesore.

This building was on the location before the surrounding area was annexed to the city. After annexation a sidewalk improvement district was created and sidewalks were laid in the area. Due to the fact that one end of the building would have overhung the proposed sidewalk, Trenka cut about 16 feet off the sidewalk end of the building and then boarded up the opened end. Testimony of neighbors indicated the grounds around the building were often overgrown with weeds and littered with an accumulation of blown papers. Because of the fact the building is raised off the ground, cats congregate and breed under the structure. The problems raised by visiting tomcats in the neighborhood disturb the nocturnal quietness of the area.

Defendant Trenka operates a salvage and war surplus business from this and another location, outside the city limits. For many years the lot around the building was piled with scrap iron and at one time several large army tents were erected to shelter equipment stored on the lot. All the tents were removed during the early 1950's and only the subject building remains. Trenka uses the building to store materials he describes as ''the most valuable merchandise that I have.'' He testified further that the merchandise is kept in town in this building due to the fact that the buildings located outside the city are frequently broken into and their contents stolen or damaged.

As the area surrounding the building built up to a residential neighborhood, complaints about the appearance and surroundings of the building increased in frequency and number. In the summer of 1966 Trenka agreed to remove all the low grade material stored on the lot and to remove the building before the following spring. The materials piled on the lot were removed but the building remained, unimproved and unrepaired.

In July 1967, the city issued a condemnation order directing Trenka to appear before the city council to show cause why the building should not be removed. Trenka did not appear and the council ordered the demolition of the building. The city advertised for bids to demolish the building, but no bids were received because no contractor would take responsibility for the materials stored in the building. Trenka testified he did not remove the contents of the building because he had no other safe place to put them. The situation remained stalemate until July 9, 1968 when the city building inspector, at the direction of the city council, signed the complaint charging defendant Trenka with maintaining a public nuisance.

Counsel for the respondent city concedes the sentence of 90 days which Trenka received is perhaps in excess of that permitted by law. Section 11-950, R.C.M. 1947, gives cities the power to imprison for 90 days and impose fines up to $300 for violations of city ordinances. Section 205 of Billings Ordinance Number 3080, Uniform Building Code, 1967 Edition, Volume 1,

imposes a maximum penalty as allowed by section 11-950, R.C.M. 1947. However, section 11-935, R.C.M. 1947, provides a specific penalty for nuisances as follows:

"The city or town council has power: To define and abate nuisances, and to impose *fines* upon persons guilty of creating, continuing, or suffering a nuisance to exist on the premises which they occupy or control." (Emphasis supplied.)

This Court stated in City of Bozeman v. Merrell, 81 Mont. 19, 25, 27, 261 P. 876, 878-879:

"As subdivision 33 [section 11-935, R.C.M.1947] provides for a fine only in the specific instance of maintaining a nuisance, and subdivision 48 [section 11-950, R.C.M.1947] provides generally for punishment for violation of any city ordinance, the specific provision is paramount over the general, and must control. [citation omitted].

\*  \*  \*  \*  \*  \*  \*  \*

"The foregoing declaration does not, however, render the ordinance void *in toto;* if it otherwise may be held valid by striking therefrom the provision for imprisonment as a penalty. \* \* \*

"Likewise, the fact that a part of the court's judgment and sentence was in excess of jurisdiction would not justify the reversal of defendant's conviction, if had under a valid ordinance, but would only require the recommitment of the defendant to the court for resentence. In re Lewis, 51 Mont. 539, 154 P. 713."

Appellant Trenka raises two principal issues on this appeal. (1) Did the district court err in refusing to grant the defendant's motion to dismiss at the close of the city's case, and (2) did the court err in refusing defendant's proposed instructions Nos. 16 and 19.

Defendant's motion to dismiss was predicated on the theory that it had not been proven that defendant was the owner, controller, or manager of the building alleged to be a nuisance, because the city had issued a still outstanding demolition order condemning the building. Therefore, defendant contends he could not be held to be in control of a building which, was con-

demned and going to be destroyed, and furthermore he could not improve or repair it.

The evidence revealed the building was located on defendant's property; it was locked by the defendant; it contained his personal property; and, that even after the condemnation order was issued, the city continued to negotiate with the defendant for its removal or for the removal of its contents. Clearly, it was not error to deny defendant's motion to dismiss for failure of the prosecution to prove control of the building by the defendant.

The second issue arises from the court's refusal to give two of the defendant's offered instructions. We have reviewed these two offered instructions and hold they were properly refused as improper statements of the law. The court's instruction No. 1, when considered with the complaint and the ordinance in evidence before the jury, was sufficient instruction on the elements of the charge and the definition of a public nuisance.

Defendant's last contention is that the ordinance is unconstitutional because it does not provide for a hearing on the merits of a proposed condemnation order which may lead to a misdemeanor charge. This is incorrect and the contention is without merit. The Billings city ordinance provides for a hearing before a five man board of appeals to test the determination made by the building official. In this case defendant Trenka was given an opportunity to appear before the city council to show cause why the building should not be removed; he did not attend this hearing or appeal the demolition order that issued as a result of that hearing.

The judgment of the district court is affirmed as to the fine of $300, but is returned to the trial court with orders to correct its judgment as to the jail sentence in conformity with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES HASWELL and CASTLES, and THE HONORABLE C. SYKES, District Judge, sitting for MR. JUSTICE BONNER, concur.