No. 79-18

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN THE MATTER OF THE PETITION OF
JAMES E. GRAY

---

ORIGINAL PROCEEDING:

Counsel of Record:

　　For Petitioner:

　　　　Jackson and Kelley, Helena, Montana

　　For Respondent:

　　　　Hon. Mike Greely, Attorney General, Helena, Montana
　　　　Ted L. Mizner, County Attorney, Deer Lodge, Montana

---

Submitted: November 7, 1979
Decided: NOV 14 1979

Filed: NOV 14 1979

_Thomas K. Kearney_
　　　　　　　　　　　　Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This proceeding is a petition for a writ of habeas corpus seeking release of petitioner James E. Gray on bail pending determination of his petition for habeas corpus in the District Court of Powell County.

In 1977 petitioner was convicted of the crime of forgery following his plea of guilty in the District Court of Cascade County. He filed a petition for a writ of habeas corpus in Powell County District Court in May, 1978. That petition attacks alleged improper and incorrect items in the presentence report which was prepared for the Cascade County District Court following his plea of guilty to the forgery charge. The relief he seeks in that petition is that his sentence be vacated and that he be returned to the Cascade County District Court for resentencing. No attack is made on petitioner's guilty plea or conviction of forgery.

After the filing of the petition for habeas corpus in the Powell County District Court, petitioner was released on bail by Judge Robert Boyd. Petitioner remained free on bail for 15 months during which time he obtained numerous continuances of the hearing date on his petition and lost and regained the services of his present counsel. On September 6, 1979 when the Powell County petition finally came up for hearing, Judge John B. McClernan revoked petitioner's bail and remanded him to the State Prison where petitioner is presently incarcerated.

On October 10, 1979, petitioner filed an original proceeding in this Court seeking a writ of habeas corpus. He contends he is entitled to release on bail pending final determination of proceedings attacking the sentence imposed on his forgery conviction by the District Court of Cascade County.

On October 12 we ordered petitioner to file a legal memorandum supporting his petition and directed the Attorney General

- 2 -

to file a written response to the petition with supporting legal memorandum thereafter. These have now been filed and the matter submitted to us for decision.

Petitioner's claim that he is entitled to release on bail is grounded on two arguments. First, he claims that Judge Boyd's order in 1978 releasing him on bail established the "law of the case" entitling him to remain free on bail. Secondly, petitioner contends that procedural prerequisites in section 46-9-311, MCA, mandate granting the writ of habeas corpus.

The "law of the case" principle was discussed by this Court in a 1976 decision:

> "Under the 'law of the case' principle, judges of coordinate jurisdictions sitting in the same court and in the same case may not ordinarily overrule the decisions of each other. It is simply a rule of practice that articulates the sound policy that when an issue is once judicially determined, that should be the end of the matter as far as judges and courts of coordinate jurisdiction are concerned. The law of the case is not an imperative; does not go to the power of the court; and does not mean that a court does not have discretion to reconsider a ruling made by another judge in the same case." State v. Carden (1976), 170 Mont. 437, 555 P.2d 738. (Citations omitted.)

Judge McClernan thus had discretion to reconsider the ruling of Judge Boyd. Petitioner had remained free for 15 months due in large part to changes in counsel and continuances resulting therefrom. No progress was being made to resolve his petition for habeas corpus in the District Court of Powell County. Where only the sentence but not the conviction is being attacked in the collateral proceeding, petitioner if successful is not entitled to be released but only to be resentenced. In re Lewis (1916), 51 Mont. 539, 154 P. 713. In accord: Petition of Cheadle (1964), 143 Mont. 327, 389 P.2d 579; City of Billings v. Trenka (1970), 155 Mont. 27, 465 P.2d 838. Additionally, bail may be increased, reduced, substituted, revoked or the conditions of bail changed. Section 46-9-311, MCA

- 3 -

The contention of petitioner that section 46-9-311, MCA, mandates granting his petition lacks merit. There is no prohibition in this statute or elsewhere preventing a court from acting on its own motion to revoke bail. The concurrent notice and revocation given by the District Court in this case was reasonable under the circumstances as petitioner had left the state and did not return until the time of hearing.

The petition for writ of habeas corpus is denied.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea dissents and will file a dissenting opinion later.

- 4 -

DISSENT

JUSTICE DANIEL J. SHEA


No. S.C. 79-18

IN THE MATTER OF THE

PETITION OF JAMES E.

GRAY

FILED

OCT 3 0 1979  NOV-23-79

Thomas J. Kearney

CLERK OF SUPREME COURT

STATE OF MONTANA

Mr. Justice Daniel J. Shea dissenting:

I would permit the defendant to remain on bail pending a trial court ruling on his request to have the sentence vacated.

The majority grounds its decision on the wording of section 46-9-311, MCA, which permits a trial court to increase, reduce or substitute bail, or to revoke bail. Because a District Court has statutory authority to revoke bail, the majority has concluded that the District Court must have been correct in so doing. What I disagree with, however, is not the statute, which clearly sets forth the options available to the trial court; but rather, I object to the arbitrary decision of the trial court in revoking the bail, without any explanation whatsoever in justification of its action. This Court should not give much deference to a decision of any trial court if it has failed to articulate the reason for the action taken.

Too often this Court must review the actions of a trial court in situating where there is absolutely no explanation in the record for the action taken. It is exalting form over substance in such cases to resort to the time-worth rule that the action of a trial court is presumed to be correct. What this Court stated in Ballantyne v. Anaconda Co. (1978), ____ Mont. ____, 574 P.2d 582, 35 St.Rep. 171, concerning reasons for decisions, applies equally to a decision by a trial court revoking a defendant's bail.

Here, we have a situation where one trial court granted bail to a defendant and a decision from which the State did not object; that is, once the decision was made, the State did not attempt to overturn the decision. But then a different judge is called into the case, and without any explanation

whatsoever he revokes defendant's bail bond.

In defending the trial court's action, the State merely cites the statute which authorizes the revocation of a bail bond. The State then presumes to provide a possible explanation for the trial judge's decision by suggesting that defendant was taking advantage of his bail status and was not truly interested in having a day of reckoning to determine the propriety of sentence. It is possible that this is so, but the State does no service to the law of this State when it seeks to provide a reason for the action of a trial judge where there is absolutely no reason stated in the record for the action taken.

By approving of the action of the trial courts in situations such as this, this Court is only encouraging the trial courts to be as fuzzy as possible in arriving at their decisions, knowing that their so-called discretionary acts will be protected from the light of day by the invocation of the rule that their actions are presumed to be correct. The presumption of correctness should evaporate at the moment the trial court has failed to disclose for the record the reasons for its decision. Neither the parties nor this Court should be required to guess as to why the trial court revoked the petitioner's bail in this case.

Daniel J. Alea
Justice