MR. CHIEF JUSTICE HASWELL
delivered the opinion of the Court.
This proceeding is a petition for a writ of habeas corpus seeking release of petitioner James E. Gray on bail pending determination *364 of his petition for habeas corpus in the District Court of Powell County.
In 1977 petitioner was convicted of the crime of forgery following his plea of guilty in the District Court of Cascade County. He filed a petition for a writ of habeas corpus in Powell County District Court in May, 1978. That petition attacks alleged improper and incorrect items in the presentence report which was prepared for the Cascade County District Court following his plea of guilty to the forgery charge. The relief he seeks in that petition is that his sentence be vacated and that he be returned to the Cascade County District Court for resentencing. No attack is made on petitioner’s guilty plea of conviction of forgery.
After the filing of the petition for habeas corpus in the Powell County District Court, petitioner was released on bail by Judge Robert Boyd. Petitioner remained free on bail for 15 months during which time he obtained numerous continuances of the hearing date on his petition and lost and regained the services of his present counsel. On September 6, 1979, when the Powell County petition finally came up for hearing, Judge John B. McClernan revoked petitioner’s bail and remanded him to the State Prison where petitioner is presently incarcerated.
On October 10, 1979, petitioner filed an original proceeding in this Court seeking a writ of habeas corpus. He contends he is entitled to release on bail pending final determination of proceedings attacking the sentence imposed on his forgery conviction by the District Court of Cascade County.
On October 12 we ordered petitioner to file a legal memorandum supporting his petition and directed the Attorney General to file a written response to the petition with supporting legal memorandum thereafter. These have now been filed and the matter submitted to us for decision.
Petitioner’s claim that he is entitled to release on bail is grounded on two arguments. First, he claims that Judge Boyd’s order in 1978 releasing him on bail established the “law of the case” entitling •him to remain free on bail. Secondly, petitioner contends that pro *365 cedural prerequisites in section 46-9-311, MCA, mandate granting the writ of habeas corpus.
The “law of the case” principle was discussed by this Court in a 1976 decision:
“Under the ‘law of the case’ principle, judges of coordinate jurisdictions sitting in the same court and in the same case may not ordinarily overrule the decisions of each other. It is simply a rule of practice that articulates the sound policy that when an issue is once judicially determined, that should be the end of the matter as far as judges and courts of coordinate jurisdiction are concerned. The ‘law of the case’ is not an imperative; does not go to the power of the court; and does not mean that a court does not have discretion to reconsider a ruling made by another judge in the same case.” State v. Garden (1976), 170 Mont. 437, 555 P.2d 738. (Citations omitted.)
Judge McClernan thus had discretion to reconsider the ruling of Judge Boyd. Petitioner had remained free for 15 months due in large part to changes in counsel and continuances resulting therefrom. No progress was being made to resolve his petition for habeas corpus in the District Court of Powell County. Where only the sentence but not the conviction is being attacked in the collateral proceeding, petitioner if successful is not entitled to be released but only to be resentenced. In re Lewis (1916), 51 Mont. 539, 154 P. 713. In accord: Petition of Cheadle (1964), 143 Mont. 327, 389 P.2d 579; City of Billings v. Trenka (1970), 155 Mont. 27, 465 P.2d 838. Additionally, bail may be increased, reduced, substituted, revoked or the conditions of bail changed. Section 46-9-311, MCA.
The contention of petitioner that section 46-9-311, MCA, mandates granting his petition lacks merit. There is no prohibition in this statute or elsewhere preventing a court from acting on its own motion to revoke bail. The concurrent notice and revocation given by the District Court in this case was reasonable under the circumstances as petitioner had left the state and did not return until the time of hearing.
*366 The petition for writ of habeas corpuse is denied.
MR. JUSTICES DALY, HARRISON and SHEEHY concur.