Petition of LEIGHTON L. ALDEN.
No. 10785
Decided April 29, 1964.
391 P.2d 701.

PER CURIAM:

Original proceeding. This is a petition for a writ of habeas corpus filed by Leighton L. Alden, an inmate of the Montana State Prison, appearing pro se.

Petitioner seeks the writ upon the ground that his imprison-

ment is unlawful and illegal in that he has been denied due process and equal protection of the law.

Relying solely upon the allegations of petitioner in his petition as to the facts, he states that he had in his possession a 1953 Cadillac automobile, not owned by him, at Baker, Montana, the possession of which he claims was by reason of security for a loan he had made to the owner, though he admits he has no written proof of the loan; that without permission he drove the automobile to South Dakota and that in Belle Fourche, South Dakota, the state patrol impounded the automobile and took the keys from him; that he thereafter shorted the switch and disappeared with the car. He was later located on the ranch of one Harry Thompson by a sheriff who interviewed him and told him that he had heard that petitioner had a car down there that did not belong to him. The sheriff wanted petitioner to come to town with him but petitioner did not admit having the automobile at that time but did inform the sheriff that he would have to produce a warrant for his arrest, that he would not accompany him without a warrant. The sheriff then stated he did not have a warrant but he could get one and petitioner advised the sheriff to leave and not return without the proper authority and a warrant. The sheriff did leave and sometime later toward evening the petitioner left the Harry Thompson ranch and went to that of a Floyd Thompson. About an hour after his arrival there the sheriff and other officers came to the Floyd Thompson ranch and petioner again demanded the production of a warrant of arrest. The state patrolman accompanying the sheriff advise petitioner that if he wanted to hear the warrant read he could do so over short wave radio and the patrolman attempted to hand petitioner the speaker for that purpose but petitioner refused. However, the officers took petitioner into custody and placed him in the county jail. Petitioner then requested that an F.B.I. agent be called and refused to give the sheriff or state patrolman any information. The F.B.I. agent arrived pursuant to the

call and petitioner informed him the reasons why he had the automobile; he was informed by the F.B.I. agent that a warrant could be secured unless petitioner agreed to sign extradition papers; that while petitioner hesitated he did agree to sign such extradition papers. Petitioner was thereafter transported to another county where the extradition papers were signed, apparently before a judge in a South Dakota court, and he was then returned to the other county until the sheriff of Fallon County, Montana, came to return him to Montana.

As to the proceedings in the courts of this state petitioner has previously filed in this court a petition for a writ of mandate to require the district court of Fallon County to take action upon petitions he had filed with that court. The district court in those matters entered findings of fact, conclusions of law and order and we quote from the findings as follows:

"The defendant appeared in open Court having been bound over after a preliminary hearing by Justice of the Peace Court of Fallon County and duly arraigned separately in each of the aforesaid three criminal causes.

"In each case he answered to his true name of Leighton Lloyd Alden under no legal disability gave his age as 39, and that he had no attorney. He was informed by the court that he was entitled to an attorney at every step in the proceedings, and if he wanted counsel and was unable to pay for a lawyer, the court must appoint one for him at county expense. The defendant stated he understood his rights to counsel and waived the same. The defendant did this at each arraignment, and when informed of the 24 hours before entering his plea, and again when informed of the 48 hours before judgment could be pronounced, waiving the time as well as counsel in each case.

"The county attorney of Fallon County, at each arraignment, handed the defendant a true copy of the information and also read the same in open court.

"In the three criminal cases the defendant was charged with the commission of three separate felonies, to-wit:

"No. 382—Uttering a fraudulent check for $40.00 for which no funds are on deposit for payment. Sentenced to three years.

"No. 383—Charging Grand Larceny, depriving the owner of his automobile and appropriating the same for his own use. Sentenced to seven years.

"No. 384—Information sets up two counts:

"Count One (Later Dismissed)

"Uttering a fraudulent check

"Count Two

"Utter, publish and pass as true and genuine a certain false, forged and counterfeit check. Sentenced to eight years.

"Judgments to run consecutively and defendant remanded to the custody of the sheriff for execution thereof."

Based upon these findings the district court concluded there were insufficient grounds to grant any of the motions and petitions and denied the same.

■ While the petitioner contends there was an unreasonable search and seizure, an unreasonable arrest, that he was not taken before a magistrate, that he was not served with any papers at the time he was taken into custody, and that the procedure of extradition was improper, all these matters occurred in the State of South Dakota. No complaint as to any of these matters was made by petitioner in the district court at the time of his arraignment and plea. Petitioner also complains that he was denied the right of counsel at the time of his detention but it appears from his own statements that the sheriff in South Dakota stated to him that he would make the calls desired to be made by petitioner and such calls were in fact made, though none of them to any counsel because none was requested.

■ Petitioner complains that the district court denied his request for transcript and judgment roll and that the same are necessary in order to petition for a writ based upon new evidence found since he has been in prison. This complaint has

no place in an application for a writ of habeas corpus but we will answer it. The proceedings in these matters were had in the district court on January 10, 1963, and there were no trials since petitioner entered pleas of guilty to each charge. No showing has been made here of any new evidence except for th filing of a photostatic copy of an affidavit of Floyd W. Thompson which in the main is hearsay except as to the fact of the arrest of petitioner at affiant's home in South Dakota. This furnishes no new evidence for any proceeding in the courts of Montana. The court did not abuse its discretion in refusing the request.

While petitioner contends his pleas were entered under coercion and duress; that because he requested an F.B.I. agent in South Dakota and that in disclosing to such agent the facts with regard to the automobile he was forced to incriminate himself; that the district court was in error in arraigning him upon a fraudulent check charge first rather than upon the grand larceny charge upon which he had been extradited, there is no merit in any of such contentions from the statements made by petitioner with regard to each instance.

Finally petitioner raises the question of whether his sentences were to run concurrently or consecutively. The order of the court from which we have heretofore quoted states: "Judgments to run consecutively * * *." Petitioner alleged that he had been before the district court of Powell County, Montana, on January 30, 1963, with respect to this matter but no relief was there granted. His contention here apparently is that there was some clerical error in the original commitment papers but that it had been corrected, but he insists that it was necessary for the court officials to have such errors corrected before his admission to prison and therefore the commitments were illegal, null and void. What was said by this court in In re Petition of Larry Cheadle, 143 Mont. 327, 389 P.2d 579, may be applicable here, but while petitioner makes these assertions and states he has in his possession copies of the commitment

papers complained of, he has not furnished them to this court and it is not possible from the rambling discussion of petitioner to make any determination in respect thereto.

No cause appearing, the petition for a writ of habeas corpus is denied and the proceeding is ordered dismissed.