PETITION OF MICHAEL B. O'ROURKE.

No. 11192.
Decided August 1, 1966.
417 P.2d 226.

MEMO OPINION

PER CURIAM.

94

Michael B. O'Rourke, an inmate of the Montana State Prison, appearing pro se, seeks a writ of mandate to be directed to the clerk of the district court in Powell County. In his petition he alleges that he has filed motions in the district court seeking to obtain all records and transcripts pertaining to his arrest, trial, and conviction, and that no action had been taken on these motions. Petitioner further alleges that these records and transcripts shall be furnished to him without cost "for reappraisal of his complete case." Petitioner does not allege any specific reason why such records and transcripts should be furnished to him.

We commented on a similar request that was made in In Petition of Alden, 143 Mont. 457, 460, 461, 391 P.2d 701, 703, as follows:

"Petitioner complains that the district court denied his request for transcript and judgment roll and that the same are necessary in order to petition for a writ based upon new evidence found since he has been in prison. * * * No showing has been made here of any new evidence except for the filing of a photostatic copy of an affidavit * * *. This [the affidavit] furnishes no new evidence for any proceeding in the courts of Montana."

To obtain the records and transcripts which petitioner seeks, he must show some reason for wanting such records that is meritorious.

Petitioner refers this Court to Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055, in support of his broad contention that transcripts shall be furnished to indigent prisoners without costs. We believe that the Griffin case, supra, could be distinguished on the facts since that case involved direct appeals from trial court judgments and this proceeding involves a petition for an extraordinary remedy. But this is not necessary as the Supreme Court of the United States limited its decision in this manner at page 20 of 351 U.S., 76 S.Ct. at page 591.

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases. The Illinois Supreme Court appears to have broad power to promulgate rules of procedure and appellate practice. We are confident that the State will provide corrective rules to meet the problem which this case lays bare.

"The judgment of the Supreme Court of Illinois is vacated and the cause is remanded to that court for further action not inconsistent with the foregoing paragraph."

We believe that our requirement that petitioner show some meritorious reason for wanting the records and transcripts is in complete conformity with the holding in the Griffin case, supra.

No cause appearing, the petition is denied, and the proceeding is ordered dismissed.