IN RE PETITION OF EDWARD RAYMOND HARVEY

No. 11707
Decided July 24, 1969.

MEMO OPINION

PER CURIAM:

Edward Raymond Harvey, an inmate of Montana State Prison, appearing pro se, seeks a writ of mandate to be directed to the district court of Custer County. In his petition he states that he has filed motions in the district court seeking to obtain all records and transcripts pertaining to his arrest, trial, and conviction which motions have been denied. Petitioner further alleges that he has been denied his rights to due process and equal protection of the law, but asserts that he is unable to be more specific in such allegation until he can study the above mentioned records and transcripts.

A brief review of the facts in this case should prove helpful. Petitioner was charged in justice court in Miles City with the crime of rape. A preliminary hearing was held on January 4, 1968, and petitioner was represented by counsel. The prosecutrix testified, in effect, that while she and petitioner were on a joy ride near Miles City the night of December 10, 1967, the petitioner by force and against her will perpetrated the crime of rape upon her. The justice court bound petitioner over to the district court for trial. Such trial was held and the jury returned a verdict of guilty on February 27, 1968. Petitioner was sentenced to a term of fifteen (15) years in the state prison. Subsequently, petitioner applied for, and was given, a review of his sentence by the Sentence Review Board. The Board held that the sentence should remain as imposed.

With respect to petitioner's motions, one was for a stay of execution of his sentence. In its order the Court stated it was satisfied that probable cause for appeal did not exist and

declined to issue a certificate of probable cause or grant a stay.

As to petitioner's request for copies of all records and transcript of proceedings the Court noted no application for an extension of time to prepare, serve and file a bill of exceptions had been made and the time therefor having expired, denied petitioner's motion for production of such records at state expense.

Another motion to secure records at state expense was made about a year later and the Court, noting that petitioner had failed to point out in what respect he may have been denied due process of law, denied the motion.

Petitioner contends that transcripts must be furnished to indigent prisoners and refers to Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055, among other cases, to support this contention.

However, in the Griffin case the United States Supreme Court provided some limitations by these words:

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills for exceptions or other methods of reporting trial proceedings could be used in some cases. The Illinois Supreme Court appears to have broad power to promulgate rules of procedure and appellate practice. We are confident that the State will provide corrective rules to meet the problem which this case lays bare.

"The judgment of the Supreme Court of Illinois is vacated and the cause is remanded to that court for further action not inconsistent with the foregoing paragraph."

The courts of Montana stand ready and willing to comply with any directives from the Supreme Court of the United States but we do feel that one should show some meritorious

reason for wanting such records and transcripts. We so held in Petition of O'Rourke, 148 Mont. 93, 417 P.2d 226. (1966)

Petitioner here has consulted with the Montana Defender Project as indicated by their request for information appearing in the district court file; and petitioner in his present petition states: "The petitioner does not want any representative of the defender project of Missoula, Montana to represent him in any matter in this said cause of action." The Montana Defender Project was set up to care for situations just like this, where an inmate of the prison felt he had some rights which had not been observed, but petitioner seeks here the appointment of other counsel. It also appears in the district court file that such file had been forwarded to other counsel.

Viewing all the various documents in the file it is apparent that petitioner has proceeded on his own, acting as his own counsel, and up until this petition in this Court he has never requested the appointment of counsel in the district court to protect his appellate procedures and consequently he has allowed them to lapse.

This Court is willing to consider any post-conviction proceeding petitioner wishes to institute but without some basis evidencing the necessity of certain records for that purpose we are not going to burden the state with the cost of their preparation.

For these reasons the petition is denied and the proceeding is dismissed.