No. 12198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs -

ALTON MAURICE PARKER,

      Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
      Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

  For Appellant:

    W. D. Hirst argued, Missoula, Montana
    James Sadler argued, Missoula, Montana

  For Respondent:

    Hon. Robert L. Woodahl, Attorney General, Helena,
    Montana
    J. C. Weingartner, Assistant Attorney General, appeared,
    Helena, Montana
    Robert L. Deschamps, County Attorney, argued, Missoula,
    Montana

---

       Submitted: January 26, 1973

        Decided: FEB 2 1 1973

Filed: FEB 2 1 1973

_Thomas J. Kearney_
          Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by Alton Maurice Parker from his conviction of armed robbery and assault in Missoula County. He was found guilty by a jury of seven counts of robbery and one count of assault.

The issue presented in this case is whether the denial of appellant's motion for substitution of judge was an abuse of discretion and a denial of due process of law.

The appellant was charged with the commission of an armed robbery at a bar in Milltown, Montana, on December 26, 1970, and an information was filed on July 12, 1971. Counsel was appointed for the appellant on July 30, 1971, and he was arraigned on an amended information on August 30, 1971. The trial of the cause was set down as the fourth case of the week starting September 13, 1971. This setting was later changed to the first case of the week of September 13, 1971. Through the operation of local district court rules the case was first assigned to Judge Glore in Department 1. On September 7, 1971, a motion for substitution of judge was filed on behalf of appellant. The following day an amended motion was filed. The amendment pointed out that the motion was made pursuant to section 95-1709(a), R.C.M. 1947, which reads:

> "The defendant or the prosecution may move the court in writing for a substitution of judge on the ground that he cannot have a fair and impartial hearing or trial before said judge. The motion shall be made at least fifteen (15) days prior to the trial of the case, or any retrial thereof after appeal, except for good cause shown. * * *"

On September 13, 1971, Judge Glore stepped down from the case. The record is not clear but it appears from the order signed by Judge Brownlee on September 13, that Judge Glore removed himself because of the motion. There has been some question raised as to this motion in regard to its timeliness. There was no objection raised to it in the district court and from the order mentioned above it appears to have been treated as timely by the district court. However, we take no position on it in this opinion.

On September 13, 1971, the motion which is the subject of this appeal was filed. This motion asked for the substitution of Judge Brownlee for

cause under section 95-1709(b), which reads:

> "In addition to the provision of subsection (a) any
> defendant may move at any time for substitution
> of judge for cause, supported by affidavit. Upon
> the filing of such motion the court shall conduct a
> hearing and determine the merits of the motion."

The motion was supported by an affidavit of appellant alleging he could not receive a fair trial from Judge Brownlee because of a dispute between appellant and Judge Brownlee over credit for jail time in a prior sentencing. A hearing was held upon the motion as required by the statute. At this hearing testimony from appellant was presented. Judge Brownlee denied the motion and the case went to trial.

We will first deal with whether it was an abuse of discretion for the district court to deny the motion. There is nothing in the record which would indicate to this Court any other decision could have been made and this Court has held repeatedly that it will not substitute its judgment for that of the trial court unless there is clear showing that the evidence or circumstances require the opposite. Counsel for appellant argues the holding of the hearing on his own prejudice by Judge Brownlee, the prior sentencing of appellant by Judge Brownlee, and denial of a recess to allow counsel for appellant to commence an original proceeding in this Court are all indications of an abuse of discretion.

The fact that appellant's counsel was not allowed to seek a writ of supervisory control would not be an abuse of discretion as appellant has a remedy by appeal and was not prejudiced by denial of the recess.

We turn then to the question of whether the denial of the motion was a violation of due process of law. Appellant has not clearly framed the issue on this point. It is difficult to determine if he is arguing that the statute is unconstitutional or if the action of the judge applied the statute unconstitutionally to appellant. The question of whether the statute is constitutional is not properly before this Court and we take no position in respect to the question other than to apply the presumption of constitutionality which attaches to all statutes coming before this Court.

Harrison v. City of Missoula, 146 Mont. 420, 425, 407 P.2d 703.

Appellant urges this Court to take the view that Judge Brownlee's action of denying the motion was a denial of due process because he had previously sentenced appellant and in that sentencing a dispute had arisen over the amount of jail time appellant was to be credited with. We find no error in what was done. As far as the contention that this is a violation of due process there has been no showing of prejudice by appellant. It is not enough to claim a violation of constitutional rights; there must be some affirmative showing of harm as well. There is a line of federal cases all holding that it is not sufficient reason to remove a judge just because that same judge has presided in matters to which the party was before the judge previously. In a case involving a criminal prosecution for income tax evasion the court of appeals held in United States v. Dichiarinte, 445 F.2d 126, 132 (7th Cir. 1971):

> " * * * The denial of the motion to recuse was not error. The fact that the judge might have formed an opinion concerning the guilt or innocence of the defendant from the evidence presented at an earlier trial involving the same person is not the kind of bias or prejudice which requires disqualification."

The ninth circuit court of appeals in Westover v. United States, 394 F.2d 164-166 (9th Cir. 1968), a case involving the robbery of a savings and loan association held:

> "We find no error in the action of the late District Judge William C. Mathes in denying the motion to disqualify the trial judge who tried both the first and second Westover cases. And, we find no error in the latter's failure to recuse himself."

The same rule, cited in Barnes v. United States, 241 F.2d 252, 254 (9th Cir. 1956), holds true for the civil cases as well:

> " * * * The conduct of the trial judge and his rulings in a former case are not the basis for disqualification here. All of the rulings in former cases, as well as the attitude of the judge, could have been raised upon appeal in such cases. Because a judge has decided one case against a litigant is no reason why he cannot sit in another."

Turning now to the question of whether the holding of the hearing by Judge Brownlee on the question of his own bias was a violation of due

process the appellant argues:

> "The purpose of such a hearing is to let an objective
> mind weigh the merits of the situation. Can one
> harboring prejudice exercise objective judgment?
> Human experience would seem to dictate that the human
> mind, no matter how well disciplined, cannot render
> an impartial judgment when prejudice exists. The
> whole idea behind substituting a judge alleged to be
> biased or prejudiced is to disqualify him because he
> is not thought capable of rendering an impartial judg-
> ment. Having the judge who is accused of prejudice
> conduct the hearing is akin to begging the question.
> Despite all outward appearances of objectivity, a
> prejudiced mind is filled with predilection, inclination
> and biased opinion even though it may be unconscious."

Appellant fails to cite any authority to support this argument. Again appellant makes no showing of any prejudice by going to trial before Judge Brownlee, only the bare assertion of a violation of due process. In fact, appellant's counsel during oral argument before this Court stated in his opinion the appellant received a very fair trial. The complete transcript is not before this Court so we are unable to review it for any possible errors which would show how the appellant was harmed.

The fact Judge Brownlee presided at the hearing would not be error in our judgment. Looking at the federal jurisdiction under their statute 28 U.S.C. 144, the judge has a duty to review the motion to determine whether or not to recuse himself.

In Hodgson v. Liquor Salesmen's U. Loc. No. 2 of State of N.Y., 444 F.2d 1344, 1348 (2nd Cir. 1971) it is stated:

> "However, the trial judge must at the outset determine
> whether the facts so stated would constitute legally
> sufficient grounds for recusal, (citations omitted),
> and if the affidavit is insufficient, he is under just
> as much of a duty to deny the application as he would be
> to recuse himself if it were sufficient."

Our code provision was taken from the Illinois Code of Criminal Procedure. Ill.Rev.Stat. Ch. 38, § 114-5(c). Under the Illinois cases the courts have construed the statute as allowing the trial court judge to conduct the hearing. The appellate court of Illinois in reviewing a theft conviction held in People v. Arnold, 76 Ill.App.2d 269, 222 N.E.2d 160, 164:

"Section 114-5(c), supra, then provides the <u>trial</u> <u>judge shall conduct a hearing</u> to determine the merits of the petition." (Emphasis supplied).

Therefore, it is the opinion of this Court the appellant was not denied due process of law and the conviction is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices