330

PETITION OF ALTON MAURICE PARKER.

No. 12549.
Submitted June 18, 1973.
Decided July 12, 1973.
511 P.2d 973.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original action commenced in this Court for the purpose of acquiring a trial transcript. Petitioner is Alton Maurice Parker, an inmate of the Montana State Prison, here appearing pro se. He was convicted of armed robbery and assault in September 1971. See: State v. Parker, 161 Mont. 394, 506

P.2d 850, 30 St.Rep. 240. It is the transcript of that trial which petitioner is seeking. At trial petitioner was represented by counsel. On April 2, 1973, petitioner filed a motion in the district court of Missoula County for the production of records. The motion wes denied on April 24, 1973, by the district court, holding:

"The motion fails to set forth any grounds for the request or any alleged errors or defects in the court proceedings, or the violations of any of the Defendant's rights, therefore

"The Motion is denied."

Parker then filed his petition in this Court on June 20, 1973. According to his petition the transcript is necessary "to prepare post conviction petitions".

█ The basic issue is whether the district court's refusal to grant petitioner's motion denied him access to the courts. It is our opinion that such denial did not deny petitioner the right to use the courts, particularly when the only showing made for the need of the transcript is to search for error so as to permit the filing of further applications for writs.

· Under section 95-2701, R.C.M. 1947, Parker has a right to prosecute a writ to test the legality of his imprisonment. Where such a right has been granted by the state, the United States Supreme Court has held an indigent prisoner cannot be denied the exercise of it by his poverty. In Smith v. Bennett, 365 U.S. 708, 709, 81 S.Ct. 895, 896, 6 L.Ed.2d 39, this Court held:

"* * * We hold that to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws."

That rule was expanded to include the right to have supplied to the indigent prisoner at no cost a transcript of his habeas corpus hearing. In Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, the United States Supreme Court held an indigent prisoner could not be denied the transcript of his habeas corpus hearing where he wished to appeal the adverse decision of that hearing.

■ While the rule in the cited cases establishes the right of the petitioner to have access to the courts, and transcript for an effective appeal, it is the opinion of this Court that denial of a transcript to an indigent prisoner, unless there has been some showing of need or a meritorious reason, does not violate the petitioner's rights. The rule that a petitioner must show some valid reason for requesting a transcript is well established in this state. In Petition of O'Rourke, 148 Mont. 93, 94, 95, 417 P.2d 226, this Court denied the request for the transcript and records of O'Rourke's trial, holding:

"To obtain the records and transcripts which petitioner seeks, he must show some reason for wanting such records that is meritorious."

There, as here, petitioner was requesting the records for the purpose of searching them for possible error on which to base a collateral attack on his sentence. In a later case, Petition of Harvey, 153 Mont. 480, 482, 463 P.2d 893, 895, this Court again denied the request for the production of records and transcripts, holding:

"This Court is willing to consider any post-conviction proceeding petitioner wishes to institute but without some basis evidencing the necessity of certain records for that purpose we are not going to burden the state with the cost of their preparation."

In *O'Rourke* and *Harvey*, the Court recognized the rule of Griffin v. Illinois, 351 U..S 12, 76 S.Ct. 585, 100 L.Ed. 891, requiring the providing of transcripts to indigent accused for purposes of appeal. In *O'Rourke*, this Court held:

"We believe that our requirement that petitioner show some meritorious reason for wanting the records and transcripts is in complete conformity with the holding in the Griffin case supra."

In *Harvey*, we reaffirmed our position in *O'Rourke* by stating:

"The Courts of Montana stand ready and willing to comply with any directives from the Supreme Court of the United States but we feel that one should show meritorious reason for wanting such records and transcripts."

Here, we again reassert that position in light of both *Griffin* and *Lane*. Unless there is some showing of meritorious need for the transcript, the state need not furnish one. It is our position that to hold otherwise would place an intolerable burden on the courts. The rule established is not unique as other jurisdictions have ruled in the same manner. In Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152, 153 (4th Cir. 1972), on facts very similar to the instant case in that petitioner was looking for a basis to collaterally attack his sentence, the Court of Appeals held:

"It is settled in this circuit that 'an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in hope of discovering some flaw.' United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); *accord* United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964).
"* * *

"Since Virginia may constitutionally refuse to furnish petitioner with an existing transcript until a need is shown for it, the order of the district court, insofar as it requires production of the transcript of the 1968 state habeas corpus hearing, is Reversed."

The same conclusion has been adopted by at least one federal court for federal jurisdiction. In United States v. Brown, 143 U.S.App.D.C. 244, 443 F.2d 659 (1970), the Court of Appeals refused to grant defendant's request for a transcript, where he made no showing of specific prejudice which revealed a need for the transcript.

It might also be said that petitioner here waived his right to have a complete transcript. Contained in the district court file is a petition signed by Parker shortly after the trial, requesting only a partial transcript. That petition sought *only* that part of the court records relating to the disqualification of the trial judge. Such record was furnished without cost and used through appeal by petitioner's trial counsel.

Therefore the relief requested is denied and this proceeding is dismissed.

334

MR. JUSTICES DALY, HASWELL, CASTLES and JOHN C. HARRISON, concur.