# LEE NELS TECCA, Petitioner,
## v.
# JACK McCORMICK,
# Warden, Respondent.

No. 90-444.
Oct. 11, 1990.
246 Mont. 317.
806 P.2d 11.

## ORDER

Petitioner Lee Nels Tecca, filed with this Court a Petition for Writ of Habeas Corpus seeking transcripts of his sentencing hearing and alleging that new evidence was not made available to him before his guilty plea was made. To this petition, the respondent Jack McCormick, through the Attorney General of the State of Montana has filed a Motion to Deny Petitioner's Request for Transcripts and Dismiss the Petition for Writ of Habeas Corpus.

The petitioner originally plead not guilty to all charges contained in an information filed in the Eighteenth Judicial District, Gallatin

County, which charged him with two counts of aggravated burglary, one count of sexual intercourse without consent, and one count of attempted sexual intercourse without consent. Later, with appointed counsel, petitioner withdrew his plea of not guilty and entered a plea of guilty to all four charges contained in the information.

Petitioner was sentenced to 40 years on Count I to run concurrently with a 40-year sentence for Count II, and 30 years on Count III, to run concurrently with a 20-year sentence on Count IV. In addition petitioner was designated a dangerous offender. The District Court further ordered that petitioner not be released on parole until he had satisfactorily completed the sexual offender treatment program at the Montana State Prison.

█ Petitioner did not appeal his conviction within the period provided and thus is not entitled to obtain a transcript merely by showing indigency under the authority of Rule 9(c), M.R.App.P. Further, petitioner is precluded from obtaining a transcript for collateral attack of his conviction unless he can identify a specific deprivation of rights or prejudicial error which might serve as a basis for relief. *Petition of Parker* (1973), 162 Mont. 330, 511 P.2d 973.

As to the grounds for relief in petitioner's petition for writ of habeas corpus, this Court will consider such petition as a petition for post-conviction relief as the plain language of § 46-22-101(2), MCA, indicates that habeas corpus relief is not the appropriate remedy under the facts of this case.

Petitioner alleges that there is newly discovered evidence which was not available to him prior to the entry of his plea of guilty and that had he been made aware of this evidence, he would have gone to trial. There is no showing as to what constitutes this newly discovered medical evidence. Further, we note that prior to the entry of his guilty plea petitioner was the subject of several medical examinations, including a psychiatric evaluation, an examination for collection of hair, blood and saliva standards, and a neurological examination.

█ The petitioner here has exhausted his remedy of appeal because an appeal was afforded under § 46-20-104, MCA, but none was filed within 60 days of judgment as required by Rule 5(b), M.R.App.P.

This Court has previously invoked a procedural bar in § 46-21-105, MCA, and refused to address the merits of a post-conviction petition. See *In re the Petition of Martin* (Mont. 1989), [240 Mont. 419,] 787 P.2d 746, 46 St.Rep. 2213. Here, petitioner was afforded the right of appeal and did not take it.

We note that it has long been the rule that federal courts will decline review of State court decisions based upon independent and adequate State grounds, which include procedural bars. *Henry v. Mississippi* (1965), 379 U.S. 444, 446, 85 S.Ct. 564, 566, 13 L.Ed.2d 408. The United States Supreme Court has made it clear that State appellate decisions clearly state, as we have here, the procedural basis for dismissing post-conviction relief claims in order to preclude later review by federal courts on the merits. *Harris v. Reed* (1989) 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308.

IT IS ORDERED:

1. The petition of Lee Nels Tecca is hereby dismissed.

2. The Clerk is directed to mail a true copy hereof to counsel of record for the respondent and to Petitioner personally.

DATED this 11th day of October, 1990.

s/ John C. Sheehy, Acting Chief Justice
s/ John Conway Harrison, Justice
s/ Diane G. Barz, Justice
s/ William E. Hunt, Sr., Justice
s/ R. C. McDonough, Justice