951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. FLETCHER, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Respondent-Appellee.
 No. 91-35046.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.R. Fletcher, a Montana state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The district court determined that Fletcher did not show cause for his state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 Procedural Default
 
 3
 When a federal habeas petitioner at one time could have raised his or her claim in the state courts but did not, and is now barred from doing so by a state rule of procedure, he or she has procedurally defaulted on that claim. Reed v. Ross, 468 U.S. 1, 11 (1984). Federal review of the claim is precluded absent a showing of cause for the procedural default and actual prejudice. Id.; Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Even in the absence of a showing of cause for procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 4
 Here, Fletcher raised the following grounds for federal habeas corpus relief:
 
 
 5
 1) His confession was coerced.
 
 
 6
 2) His conviction was obtained pursuant to an illegal extradition.
 
 
 7
 3) His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.
 
 
 8
 4) His conviction was obtained by use of evidence obtained pursuant to an illegal search and seizure.
 
 
 9
 5) His conviction violated the double jeopardy doctrine.
 
 
 10
 6) His conviction was obtained pursuant to an unlawful arrest warrant.
 
 
 11
 7) His conviction was obtained without having an initial appearance before the trial court.
 
 
 12
 8) His conviction was obtained without probable cause.
 
 
 13
 9) He did not knowingly and voluntarily plead guilty.
 
 
 14
 10) His privilege against self-incrimination was violated.
 
 
 15
 11) His conviction was obtained without a guilty plea and without a jury trial.
 
 
 16
 12) He was denied effective assistance of counsel.
 
 
 17
 13) He was denied his right of appeal.
 
 
 18
 In 1979, Fletcher pleaded guilty to the charge of deliberate homicide and was sentenced to 100 years in prison. He subsequently appealed his sentence to the Sentence Review Division of the Montana Supreme Court, but he did not raise on direct appeal any of the claims contained in his federal habeas petition. The Supreme Court affirmed Fletcher's sentence on June 5, 1980.
 
 
 19
 On October 29, 1987, eight years after his conviction, Fletcher filed a petition for a writ of habeas corpus with the Montana Supreme Court and raised the same claims presented in his federal habeas petition. The Supreme Court construed Fletcher's state habeas petition as a petition for postconviction relief, and denied his habeas petition on the ground that he did not file it within the five-year statute of limitations that applies to petitions for postconviction relief. See Mont.Code Ann. § 46-21-102 (1991).[1]
 
 
 20
 Because Fletcher failed to file a petition for postconviction relief within the required statute of limitations, he is procedurally barred from presenting to the state courts any of the claims raised in his state habeas petition. See id. Therefore, this court cannot review the claims presented in his federal habeas petition unless Fletcher shows cause and actual prejudice. See Reed, 468 U.S. at 11; Wainwright, 433 U.S. at 87.
 
 
 21
 As cause for his procedural default, Fletcher contends that (1) his counsel was ineffective for failing to raise these issues on direct appeal; (2) he did not know that he had a right to appeal or that there was a statute of limitations, in part because he was denied access to law books and other legal materials; and (3) prison guards beat him, threatened him, and stole his legal materials in an attempt to stop him from making an appeal. Nevertheless, Fletcher's first contention does not constitute cause for his failure to file a petition for postconviction relief within the five-year statute of limitations. Fletcher's second contention fails because ignorance of the legal process does not constitute cause for procedural default. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986).[2] Fletcher's third contention also fails to establish cause. Although Fletcher provides detailed allegations of beatings during his imprisonment, he makes only cursory allegations that guards interfered with his ability to file pleadings. Moreover, Fletcher has filed other pro se pleadings since his conviction. Finally, the alleged theft of his legal materials occurred after the statute of limitations ran, and thus does not constitute cause for his procedural default. See Reed, 468 U.S. at 12.
 
 
 22
 Fletcher also has failed to show any exceptional circumstances that would excuse his failure to show cause for his procedural default. See Murray, 477 U.S. at 496. Thus, the district court correctly determined that Fletcher's state procedural default barred federal review of the merits of his claims. Accordingly, we affirm the dismissal of Fletcher's federal habeas petition.[3]
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Montana Supreme Court construed Fletcher's state habeas petition as a petition for postconviction relief because under Mont.Code Ann. § 46-22-101(2), relief under a state writ of habeas corpus is not available to challenge the validity of a conviction or sentence of a petitioner who is found guilty and who has exhausted the remedy of appeal. See Tecca v. McCormick, 246 Mont. 317, 318, 806 P.2d 11, 12 (1990) (construing state habeas petition as petition for postconviction relief)
 
 
 [2]
 Furthermore, Fletcher states in his state habeas petition that he had access to a law library as of January, 1981
 
 
 [3]
 For the first time on appeal, Fletcher argues that the five-year statute of limitations is "ex post facto legislation." Because this claim was not raised in the district court, and because no extraordinary circumstances warrant review of the claim, we decline to address it. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)